220 F.2d 480
 Mrs. Estelle BYRD and J. N. Byrd, Jr., Appellants,
v.
Willie Louis BATES and John V. McCallum, individually and as
Executors of the Estate of James T. Anderson,
deceased, et al., Appellees.
 No. 15173.
 United States Court of Appeals, Fifth Circuit.
 March 31, 1955.
 
 Wyman C. Lowe, Atlanta, Ga., for appellants.
 Jack C. Burroughs, Dallas, Tex., John R. Carrell, Dallas, Tex., for appellees.
 Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs filed this action on April 20, 1953, naming some twenty-one individuals, trustees, executors, guardians, partnerships, and corporations as defendants, for the wrongful death of James Winchester on or about April 21, 1951. The original complaint of 15 pages, was amended by the filing of a 19-page amendment. A second attempted amendment appears in the record, but was not filed by the clerk. Summons was not immediately issued; the docket sheet of the District Court at Dallas bears the notation, 'summons to be held up, awaiting copies of complaint.' On August 20, 1953, the cause was transferred to the Fort Worth Division. Summons then issued on September 14, 1953, and was served on two of the defendants. Summons was never issued as to the other defendants. No answers were filed, but appellee Bates filed a motion to dismiss the action against her as guardian of four minors. Plaintiff filed no less than a half dozen notices, applications and amendments to motions of various sorts in the trial court. The court did not pass on any of these matters, but on its own motion and without a hearing entered judgment dismissing the complaint as to all Texas defendants for failure to state a cause of action against any of them.
 
 
 2
 The plaintiffs appealed from this judgment and in support of their sixteen specifications of error, counsel has filed in this court nine documents variously styled as briefs, supplemental briefs, reply briefs, motions and responses. Appellees, doubtless feeling that they were called on to take notice of each move by appellants, have filed six briefs, motions or responses. Appellants' counsel has included in his briefs and motions reference to many facts outside the record.
 
 
 3
 The breach by appellants' counsel of the rules of this court, inter alia, Rule 24, requiring briefs to state concisely the case and the errors complained of, do not affect our jurisdiction to hear this appeal, and have no express sanction for their enforcement. We do not regard these breaches as so serious as to require dismissal of the appeal, as appellees urge, even though the proliferation of pleadings, briefs and other papers has hindered rather than aided us in arriving at the correct disposition of the case; and we can readily believe that the defense of the case has not been made simpler thereby. For this reason, although as will be shown we must reverse and remand the case, we consider it an appropriate sanction to tax costs of this appeal against the two groups of appellants and appellees equally. Globe Const. Co. v. Brewer, 5 Cir., 197 F.2d 707; Lake Charles Metal Trades Council v. Newport Industries, 5 Cir., 181 F.2d 820. See also Kansas City Life Ins. Co. v. Wells, 8 Cir., 133 F.2d 224; 28 U.S.C.A. § 1913; 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 54(d).
 
 
 4
 The parties argue many questions in their briefs, such as whether the statute of limitations barred this action, but in the present state of the record, we do not think it appropriate for us to determine the factual questions necessarily involved in them. These are questions which are more appropriately decided on evidence or affidavits rather than on unsworn briefs and a record devoid of findings of fact. For us to decide on this record such controverted matters of fact, as whether plaintiffs undertook with due diligence to serve the defendants with process after filing suit, would be pure speculation. We therefore decline to engage in any discussion of issues not decided by the trial judge.
 
 
 5
 The only ruling made by the trial judge was that the complaint and amendments 'do not state a cause of action against any of the Texas defendants.' Consequently we think the only question properly before us on this conglomerate record is whether this ruling was correct.
 
 
 6
 As we said in John Walker & Sons v. Tampa Cigar Co., 197 F.2d 72, 73:
 
 
 7
 'Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief * * *. Absent from this rule is the old requirement of common law and code pleading that the pleader set forth 'facts' constituting a cause of action. It is also elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted.'
 
 
 8
 See also Des Isles v. Evans, 5 Cir., 200 F.2d 614; 2 Moore, Federal Practice (2d Ed.) 1653, and authorities therein cited.
 
 
 9
 While we must agree that the amended complaint was neither a short nor a plain statement, this in itself did not justify a dismissal, but it should have been corrected by motions to strike redundant matter and for a more definite statement. 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 12(e), (f). And we cannot say that the plaintiff could not possibly be entitled to relief under any set of facts which could be proved in support of this complaint.
 
 
 10
 The trial court dismissed the amended petition without motion and without notice and argument, and without clarifying the record as to which parties were before the court. This procedure not only deprived the plaintiffs of their right to be heard on a number of questions that were factual as well as legal, but it passed on to this court the task of sorting out the wheat from the chaff, which it is not the office of this court to perform.
 
 
 11
 We will not determine, therefore, what persons are still in the action, and in what capacities, but leave it to the trial court to clarify the party situation, as it may more conveniently do, by motions to correct the pleadings, by stipulations, and the like. It is thus neither necessary nor appropriate for us to pass upon appellants' 'Motion to disregard every joint motion filed for any appellees in this appeal, insofar as such joint motions apply and relate to John V. McCallum, in any capacity, as an appellee,' or appellees' 'Motion to affirm trial court's judgment as to Willie Louis Bates as guardian of the persons and estates of James Thomas Anderson et al.' If it be found necessary, the matters raised by these motions may be decided in the first instance by the trial court.
 
 
 12
 The judgment is reversed and the cause remanded for further action consistent with this opinion. Costs to be divided equally.