UNITED STATES of America,
Appellant,

v.

INTERNATIONAL EXTERMINATOR
CORPORATION and Harlan K.
Baker, Appellees.

No. 18785.

United States Court of Appeals
Fifth Circuit.

Sept. 8, 1961.

William L. Hughes, Jr., Clayton Bray, Fort Worth, Tex., Duane L. Nelson, Washington, D. C., William B. West, III, U. S. Atty., Fort Worth, Tex., for appellant.

Ardell M. Young, Brown, Herman, Scott & Young, Fort Worth, Tex., for appellees.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The United States brought suit against International Exterminator Corporation and Harlan K. Baker, its President, asserting violations of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., and praying for injunctive relief. The district court sustained a motion to dismiss on the ground that the complaint fails to state a cause of action upon which relief can be granted. The United States has appealed.

The complaint which the district court held insufficient alleged that the defendants operate an exterminator and pest-control service for establishments such as warehouses, mills and dryers which store and sell foods such as beans, rice, flour, sugar, meal, salt, bakery supplies and also animal and poultry feed. In so doing, it is averred, the defendants are causing quantities of a poisonous liquid known as compound 1080 to be placed in the establishments in uncovered paper bait cups in close proximity to the foods. This, the complaint alleged, results in the foods being adulterated within the meaning of the Act "because of being held under insanitary conditions whereby they may have been rendered injurious to health prior to being introduced or

delivered for introduction into interstate commerce." Then the United States alleges that the acts of the defendants in placing the poisonous compound in the buildings violates the Act "in that said acts are done while said foods in said buildings are being held for sale after shipment in interstate commerce and result in said foods being adulterated within the meaning of \* \* \* the Act because of being held under insanitary conditions whereby they may have been rendered injurious to health." The complaint charges that the defendants have been warned but fail to change their method of placing the poison.

In a Rule 60(b) (1), 28 U.S.C.A., motion for relief from the order of dismissal, the Government states that the dismissal was based on a finding that the language "may have been rendered injurious to health" was insufficient and the correct test was the "reasonable probability" that it would have been rendered injurious to health. It is this question to which the Government devotes its initial brief. In their brief the defendants assert that the complaint does not show the interstate character of the transactions so as to bring them under the Act. The defendants also assert that it is not shown by the complaint that the defendants committed any acts which are violative of the Federal Pure Food, Drug and Cosmetic Act.

■ The complaint will be held sufficient if it shows that the plaintiff would be entitled to relief under any state of facts which could be proved in support of the claim alleged. United States v. Goodman, 5 Cir., 1961, 287 F.2d 871; Mitchell v. E-Z Way Towers, Inc., 5 Cir., 1959, 269 F.2d 126; Bruce Construction Corp. v. United States, 5 Cir., 1957, 242 F.2d 873.

■ The defendants urged before the district court that the complaint failed to show that there was a reasonable probability that food would be rendered injurious to health. The Government contended that the test is whether there is a reasonable possibility that food would

be rendered injurious to health. The authorities cited by the Government seem to sustain its position. Golden Grain Macaroni Co. v. United States, 9 Cir., 1953, 209 F.2d 166; Berger v. United States, 8 Cir., 1952, 200 F.2d 818, 820. The defendants do not, on appeal, distinguish between probability and possibility of contamination, but instead assert that neither is alleged. Here the defendants rely upon the construction in Berger v. United States, supra, that the statutory phrase "which may render such articles injurious to health" contemplates a condition which would, with reasonable possibility, result in contamination. The defendants say that the absence of an allegation that the defendants created a condition of reasonable possibility of contamination rendered the pleading bad and required dismissal. It is to be noted though that the rule announced in Berger is that the condition of reasonable possibility of contamination must be proved, not that it must be pleaded. Berger was a criminal case and it appears that the information used the statutory "whereby they may have become contaminated" language. A motion attacking the sufficiency of the information as not stating facts sufficient to constitute an offense was overruled. The correctness of this ruling was not raised on appeal. We are here only concerned with the sufficiency of the pleading, and not with the scope and reach of the statute as applied to such facts as may be developed by pretrial procedures or by evidence adduced at a trial. The pleading was sufficient.

There seems to us no question but that the complaint brings the case within the interstate commerce requirements of the Act. The statutory purpose "was to safeguard the consumer by applying the Act to articles from the moment of their introduction into interstate commerce all the way to the moment of their delivery to the ultimate consumer." United States v. Sullivan, 332 U.S. 689, 696, 68 S.Ct. 331, 335, 92 L.Ed. 297. See McDermott v. State of Wisconsin, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754, 47 L.R.A., N.S. 984.

272

The motion to dismiss was erroneously granted. The order of dismissal will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

CAMERON, Circuit Judge, dissents.