Walter H. CAMPBELL and Aetna Casualty & Surety Co., Inc., a corporation, Appellants,

v.

John BARNETT, d/b/a KSWS–TV, and Andrews Tower, Inc., a corporation, Appellees.

No. 7940.

United States Court of Appeals
Tenth Circuit.

Sept. 27, 1965.

Richard E. Ransom, Albuquerque, N. M. (Bernard D. Craig, Kansas City, Mo., and Smith & Ransom, Albuquerque, N. M., were with him on the brief), for appellants.

James T. Paulantis, Albuquerque, N. M. (Iden & Johnson and Bryan G. Johnson, Albuquerque, N. M., were with him on the brief), for appellee John Barnett.

William B. Keleher, Albuquerque, N. M. (Keleher & McLeod and Russell Moore, Albuquerque, N. M., were with him on the brief), for appellee Andrews Tower, Inc.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Campbell was injured in the collapse and fall of a television tower owned and operated by appellee-defendant Barnett and built by appellee-defendant Andrews Tower, Inc. In his complaint plaintiff asserted that the owner and the builder were each negligent and, hence, liable to him. Jurisdiction is based on diversity. The jury returned a verdict for the defendants. In this appeal the principal errors urged relate to instructions of the court.

Barnett, the owner of a television station at Roswell, New Mexico, hired Andrews Tower, Inc., to build a tower for his station. Andrews built the tower, 1,610 feet in height, at a site near Caprock, New Mexico; and the tower went into operation in March, 1957. Plaintiff Campbell was an employee of Commercial Radio Monitoring Company which was in the business of checking and adjusting radio and television transmitter frequencies. On December 8, 1960, Campbell, in the course of his employment, was at the transmitter building located near the tower. The area was then, and had been for sometime, subjected to a severe snow, sleet and wind storm. The tower collapsed and portions crushed through the building severely injuring Campbell. Aetna, the compensation carrier for his employer, paid him under its compensation policy, and, to the extent of the amount so paid, is the assignee of his claim against the defendants.

The negligence claimed was the failure to design and build the tower with sufficient strength and stability to withstand wind and icing conditions present in the area. No purpose would be served by relating the conflicting evidence. It was sufficient to take the case to the jury and is sufficient to sustain the verdict in favor of the defendants.

We are bound by New Mexico law. In Tipton v. Clower, 67 N.M. 388, 356 P.2d 46, 49, the New Mexico Supreme Court considered the principles pertaining to the liabilities of an independent contractor and an owner for work done by the contractor. The opinion, so far as pertinent, said that the contractor may be found liable to third parties who have been foreseeably endangered by the contractor's negligence, even though the work had been accepted by the owner, with the limitation that "if the owner discovers the danger, or it is obvious to him, his responsibility supersedes that of the contractor." In the instant case the trial court followed and applied these principles.

The first error claimed is that the plaintiff was required at the start of the trial to make an election of the theory under which he intended to proceed. The situation was that counsel for the plaintiff in his opening statement said that the owner had knowledge of the hazardous condition of the tower. Andrews, the contractor, then moved for a directed verdict on the ground that such knowledge would preclude recovery from it. The court took the motion under advisement but stated that "somewhere along the line the plaintiff is go-

ing to have to make up his mind what theory he is going on."

We recognize that Rule 8(e) (2), F.R. Civ.P., permits a plaintiff to plead alternate, hypothetical and inconsistent claims and that Rule 20(a) permits the joinder of defendants in cases such as this. No action of the court violated either of these rules. The court did not require the plaintiff to make an election; and the case went to the jury on the liability of each defendant.

 The court refused to give plaintiff's requested instruction No. 26. This was based on the theory that Andrews Tower was a manufacturer and its liability was not superseded by the owner's knowledge of defects or by the obviousness of defects. The basis for this argument is that Tipton v. Clower does not apply to manufacturers. The contention that the builder of a television tower is in the same class as the manufacturer of a chattel need not concern us. In Tipton the issue was the respective liability of an oil well driller and the owner of the land. In the application of the principles announced by Tipton we see no distinction between the driller of an oil well and the builder of a tower. Both the oil well and the tower are part and parcel of the realty. In any event the failure to give the requested instruction would be pertinent only if the jury found against the owner and Andrews Tower went free. The reason is simple. The requested instruction said that if the owner knew of the defect, or if the defect was obvious, then Andrews Tower was not released from liability. The finding for the owner removed the possibility of the release of Andrews Tower because of knowledge or obviousness.

 The plaintiff, to support his theory that both Andrews and the owner could be held liable, requested an instruction saying in effect that Andrews was liable if it negligently built a tower containing defects neither discovered by nor obvious to the owner and that the owner was also liable if in the exercise of ordinary care he should have discovered the defects and warned the plaintiff. The court refused the instruction and told the jury that a finding of negligence on the part of Andrews would require a verdict against it and in favor of the plaintiff unless the danger was discovered by or obvious to the owner. The court went on to say "if the danger, if there was any danger, was obvious to the defendant, I meant to include: or if the defendant Barnett could have or should have in the exercise of reasonable care discovered such negligence or such defect." The argument is that the quoted phrase eliminates the possibility of a verdict against both because it equates "exercise of reasonable care" with "obvious."

Tipton imposes a superseding liability on the owner for defects either discovered or obvious. The term "obvious" carries a different connotation than the phrase "should have discovered such defects in the exercise of ordinary care." We need not speculate whether the New Mexico Supreme Court would so extend Tipton because, as we see the case, any error in denying the requested instruction or in defining obvious did not prejudice the plaintiff. The theory of the plaintiff would impose a liability on both defendants only if Andrews was negligent. The verdict in favor of each defendant precludes that possibility.[1] The plaintiff would be in a position to complain only if the verdict had run against Andrews and in favor of the owner.

 Plaintiff complains that the court required the reading of a deposition in the order in which it was taken rather than in the order which the plaintiff deemed to be a systematic presentation of the relevant points. The order of reading the deposition was within the discretion of the court and that discretion was not abused. Indeed, the plaintiff makes no showing of how he was prejudiced by the action of the court.

Affirmed.

---

1. The verdict was a general verdict. The record discloses no requests for, or submission of, special interrogatories.