**BERRY REFINING COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Helen SALEMI, Frank Hill and Helen Hill, Defendants-Appellees.**

**No. 15212.**

United States Court of Appeals
Seventh Circuit.

Nov. 18, 1965.

Rehearing Denied Dec. 23, 1965.

Schnackenberg, Circuit Judge, dissented.

Charles E. Herzog and Carl F. Wrench, Chicago, Ill., Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., of counsel, for appellant.

John R. Fielding, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff, a Delaware corporation, having its principal place of business in Indiana, sued the defendants who are both Illinois residents. The complaint alleged the sale and delivery of goods by plaintiff to "Hill Oil Company, 5011 West 26th Street, Cicero, Illinois." The complaint alleged that such goods were sold and delivered from October 26, 1962 through January 31, 1963, and that the amount due and owing is $12,394.76.

The complaint further alleged that the sum of $12,394.76 was now due and owing from one, or more, or all of the defendants as were doing business as Hill Oil Company from October 26, 1962 through January 31, 1963.

Plaintiff pleaded alternatively,[1] that the account was owed by Frank Hill as

---

1. Rule 8(e) (2) Federal Rules of Civil Procedure provides:

 "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. * * *"

 "A party may also state as many separate claims or defenses as he has regardless of consistency * * *."

a sole proprietor or by a partnership composed of two or more of the following people: Frank Hill, Helen Hill, Helen Hill Salemi and Michael Salemi (deceased husband of Helen Hill Salemi).

Prior to the introduction of any evidence, defendants' counsel moved that plaintiff be required to elect whether it was proceeding against Frank Hill as sole proprietor of Hill Oil Company or against one of the two partnerships alleged to have been doing business as Hill Oil Company. The trial court ordered plaintiff to make an election. Under compulsion of that ruling, plaintiff elected to proceed on the theory that Hill Oil Company was one of two partnerships, namely, Frank and Helen Hill or Michael and Helen Salemi.

Hill Oil Company operated a gasoline filling station at 5011 West 26th Street in Cicero, Illinois. The station was named after the defendant, Frank Hill, who admitted he had originally owned and operated Hill Oil Company. However, he testified that in 1946 he gave the station and its business to his daughter, Helen Hill Salemi, and her husband, Michael. Mr. Hill testified that after that date he had no interest in the business except to receive rental "for the station."

At the close of plaintiff's evidence, the trial court granted defendants' motion for a directed verdict stating—"Well, I think, for the plaintiff to recover in this case he must prove the existence of a partnership involving one or two or three of the defendants. This they have failed to do, and your motion for a directed verdict will be allowed."

■ We think the trial court erred in requiring plaintiff to make an election. It is clear plaintiff had the right to plead in the alternative. We said in

Rule 20(a) Federal Rules of Civil Procedure provides:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Reconstruction Finance Corporation v. Goldberg, 7 Cir., 143 F.2d 752, 756— "But even though inconsistent remedies were alleged, such practice is permissible under the Federal Rules of Civil Procedure." If the trial court encounters any difficulty in submitting the issues to a jury, use might be made of a special verdict under Rule 49(a) or a general verdict with interrogatories under Rule 49 (b), Federal Rules of Civil Procedure.

■ In reviewing a trial court's ruling granting a directed verdict, we keep in mind the well-established rule that such motion should be denied "where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions." Smith v. J. C. Penney Co., 7 Cir., 261 F.2d 218, 219.

In considering the evidence most favorable to the plaintiff, we note that in August 1952, Frank Hill and Helen Hill signed and furnished to the First National Bank of Cicero, a partnership declaration. The bank account to which the declaration referred remained open and alive until May 1963, and it was during this period that plaintiff sold the gasoline in question to the Hill Oil Company.

As the operator of a retail gasoline station, Hill Oil Company was required to maintain a registration with the Illinois Department of Revenue. Certified copies of two such registrations were received in evidence. On the registrations, the owners of Hill Oil Company appear as Michael and Helen Salemi. On one such registration, the business is described as a partnership.

■ It seems clear that there was evidence in this record upon which rea-

sonable men in a fair and impartial exercise of their judgment, might reach different conclusions. Under such circumstances, it was error to direct a verdict for the defendants.

We do not intend to indicate in any manner whether we think the evidence introduced was sufficient to establish a partnership between any of the parties. We do say that the evidence was sufficient for the issues to have been submitted to a jury.

Reversed and remanded.

SCHNACKENBERG, Circuit Judge (dissenting).

I do not believe that there was sufficient evidence to justify submission by the district court to the jury of the issue as to whether the widow of Michael Salemi, deceased, and her parents Frank Hill and Helen Hill, defendants, were chargeable with the debt for which plaintiff brought suit herein. There was no evidence in the record to sustain any theory of liability against these defendants in this action. The district court properly directed a verdict for them. I would affirm.