Argued September 12, reversed and remanded October 12,
petition for rehearing denied November 9, 1966

## DILLARD *v.* DILLARD

418 P. 2d 839

*George G. Van Natta,* St. Helens, argued the cause and filed a brief for appellant.

*Agnes Marie Petersen,* St. Helens, argued the cause for respondent. With her on the brief was Ben T. Gray, Portland.

Before McAllister, Chief Justice, and Perry,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an appeal from an order denying defendant's motion for a discharge of a judgment from the record upon proof that he had received a discharge in bankruptcy.

Plaintiff was seriously injured while riding with defendant in the latter's automobile. Plaintiff brought an action for personal injuries and recovered judgment on a verdict for $76,491.40. Defendant received a discharge in bankruptcy. Proceeding under ORS 18.420 he filed a motion in the present action for the discharge of the judgment from the record.[1] The trial court denied the motion, apparently on the theory that defendant's liability was for a wilful and malicious injury and, therefore, was not discharged in bankruptcy.[2] The trial court's order simply recites:

"IT APPEARING TO THE COURT from the records and files of this case that this is an action

[1] "18.420. (1) Any person discharged from his debts pursuant to the federal bankruptcy laws may file in any court or tribunal in which a judgment has at any time been rendered or a transcript thereof filed against him, either before or after such discharge, a motion in the suit action or proceeding for the discharge of the judgment from the record. If it appears to the court that he has been discharged from the payment of the judgment or the claim upon which the judgment was based, the court shall order that the judgment be discharged and satisfied of record, and thereupon the clerk of the court shall enter a satisfaction thereof; however, no such order shall be granted except upon such notice to the parties interested as the court or judge thereof may by order prescribe."

[2] Title 11, § 35 USCA provides in part as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *."

by a guest passenger for personal injuries as a result of the gross negligence of the Defendant, or as a result of the driving by defendant while under the influence of intoxicating beverages, and that the evidence in this case was such that the jury could have found the defendant guilty of both gross negligence and driving while intoxicated, and the court being fully advised, and good cause appearing therefor

"IT IS, HEREBY ORDERED, that Defendant's Motion to satisfy the Judgment in this action in accordance with ORS 18.420 be and the same hereby is denied."

The trial court's order can be sustained only if it can be said that the verdict constitutes a declaration by the jury that defendant was guilty of wilful and malicious conduct. In the present case, however, it is impossible to determine the basis upon which the jury arrived at its verdict. Plaintiff sets out in her brief the facts demonstrating the enormity of defendant's fault. We have no way of knowing whether or not plaintiff's representations in this regard are true because the record brought up on this appeal does not contain the transcript of testimony. Even if we had the record before us and it disclosed evidence from which the jury could have concluded that defendant acted maliciously, we still would not know whether the verdict was reached upon that basis.

If plaintiff had alleged in her complaint a cause of action sustainable only upon a showing of wilful and malicious conduct, then of course the verdict could be regarded as an affirmation of the charge. But this was not the case here. The complaint contains two counts, each of which was designed to save plaintiff from the proscription of the guest statute, ORS 30.115. The first count contains an allegation "that

defendant was then and there operating said vehicle while in an intoxicated condition, and said accident was caused all as a proximate result of his intoxication."[5] The second count contains the following allegation: "That the proximate cause of said collision and plaintiff's resulting injuries * * * was the operation of said vehicle by this defendant in a grossly negligent and careless manner, as follows:

"1. In driving at a high and excessive rate of speed;

"2. In failing to keep and maintain any control over said vehicle;

"3. In failing to keep and maintain a proper lookout."

■■ It is possible that the jury predicated liability upon the first count. The mere fact that one injures another as a result of driving while intoxicated does not necessarily establish that the injury was maliciously or wilfully inflicted.[6] The jury could have found that defendant's conduct in driving while intoxicated was the cause of plaintiff's injury but that the conduct was not malicious and wilful. This being so it would be pure speculation upon our part and upon the part of the trial court to hold as a matter of law that the defendant's liability was for a malicious and wilful injury.

Plaintiff argues that the jury could have decided that defendant was liable under the second count for driving in a grossly negligent manner, and that gross negligence is the equivalent of malicious and wilful

---

[5] No question is raised as to the sufficiency of the allegation to state a cause of action.

[6] Gombos v. Ashe, 158 Cal App2d 517, 322 P2d 933 (1958).

conduct. For the reasons set forth above, we do not find it necessary to reach this question.[6]

The judgment is reversed and the cause is remanded with the direction that the judgment against defendant be discharged under ORS 18.420.

---

[6] However, see Zumwalt v. Lindland, 239 Or 26, 396 P2d 205 (1964).