**Arlan G. SCHAEDLER, Appellant,**
**v.**
**READING EAGLE PUBLICATION, INC.**
**No. 15864.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs Nov. 1, 1966.

Decided Jan. 4, 1967.

---

See also D.C., 39 F.R.D. 22.

Arlan G. Schaedler, pro se.

Charles H. Weidner, Reading, Pa., John R. McConnell, Philadelphia, Pa. (John D. Glase, Reading, Pa., Stevens & Lee, Reading, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellee.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is an appeal by plaintiff from a judgment entered against him following the granting of defendant's motion to dismiss.

Plaintiff, who appears pro se, was given leave to proceed in forma pauperis and filed what he designated as a "declaration." In response to this the defendant filed a motion for a more definite statement. The district judge granted the motion and ordered the plaintiff to file a more definite statement in compliance with his memorandum opinion, stating that otherwise the complaint would be dismissed. The opinion gave full recognition to the circumstances of plaintiff's unfamiliarity with the law and his incarceration in a state prison. It spelled out the requirements of an amended complaint, saying: "It should state only facts, without argument, and a demand for judgment for the relief requested. Each paragraph should be numbered and should set forth one fact or set of circumstances, so that the defendant will be able to admit or deny each fact or set of circumstances separately, paragraph by paragraph. The facts in the complaint must be so stated as to enable the defendant to determine whether the cause of action is based on libel, or on invasion of privacy, or if based on some other tort, what that tort is. If the basis of the cause of action is the publication of an article or articles in defendant's newspaper, plaintiff should identify the article or articles and date or dates of publica-

tion for each article of which he complains, the specific matter deemed damaging, and the special damages, if any, incurred."

Thereafter the plaintiff filed a paper which he designated "Answer to Memorandum of Order." It contained eight numbered paragraphs in which plaintiff attempted to comply with the court's order. It specified the date of the publication of the article and the name of defendant's staff member who wrote it. It alleged that the article "read as a whole" is "LIBELOUS," that plaintiff was damaged thereby, and claimed general and exemplary damages in the amount of one million dollars. It alleged separately that the article "read as a whole" was a "deliberate, unprivileged and unwarrented invasion" of plaintiff's right of privacy, for which he also claimed one million dollars in damages. Again, in a separate paragraph, it alleged that the article "read as a whole—is Deceit, it is a deliberate Prejudice article deliberate unprivileged and unwarrented attack upon plaintiff's character," and for this he claimed damages of one million dollars.

The "Answer" then separately alleged that the complete article constituted libel, invasion of privacy and deceit. Another paragraph went on to allege that the article was slanderous because it "contained malicious reports concerning the Character of Plaintiff."

The district judge decided that the "Answer" failed to comply with the terms of his order and therefore granted the motion to dismiss.

Rule 12(e) authorizes a motion for a more definite statement if the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." It does not expressly authorize the dismissal of the complaint on noncompliance with an order granting the motion, but provides that "the court may strike the pleading to which the motion was directed or make such order as it deems just." While it is true that this provision confers power upon a court to dismiss a claim for fail-

ure to amend the pleadings as directed,[1] it is a power which is not to be exercised lightly, for it forecloses inquiry into the merits of the action.

The overriding requirement of the Federal Rules of Civil Procedure, stated at the outset in Rule 1, is that they "shall be construed to secure the just, speedy, and inexpensive determination of every action." A complaint need only contain, in addition to the jurisdictional grounds, "a short and plain statement of the claim showing that the pleader is entitled to relief, and * * * a demand for judgment for the relief to which he deems himself entitled." (Rule 8(a) (2) and (3)). There is no requirement to state facts sufficient to constitute a cause of action. Dioguardi v. Durning, 139 F.2d 774, 775 (2 Cir. 1944), Clark, Cir. J. See also 2 Moore, Federal Practice (1965), ¶ 8.13. We said in Continental Collieries v. Shober, 130 F.2d 631, 635 (3 Cir. 1942): "Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. * * * Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules." The Rules require that averments in pleadings "shall be simple, concise, and direct," and they exclude any requirement of "technical forms of pleading." (Rule 8 (e) (1)). The vestigial remains of an outmoded conception of pleading were removed when in the 1946 amendments the motion for a bill of particulars, which had originally been authorized by Rule 12(e), was abolished. 2 Moore, Federal Practice (1965), ¶ 12.17.

Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading. But where a motion for a more definite statement is justified and an effort is made to comply with the order of the court granting it, the insufficiency of the effort does not justify automatic dismissal of the action.[2] Even in the case of a demurrer, which attacks the legal merits of a claim, it is now universally recognized that a plaintiff should be given leave to amend (See 71 C.J.S. Pleading §§ 269–270). The Supreme Court has said in considering the comparable provisions of Rule 12(b) (6) authorizing a motion to dismiss for failure to state a claim upon which relief can be granted, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

In the present case any inadequacy of the effort to amend the complaint must be judged in the extenuating circumstances that it was written by a lay litigant appearing pro se and that there is no reason to question the good faith of his attempt to comply with the court's order. Although the plaintiff was given an opportunity to amplify the complaint when the motion for a more definite statement was granted, he was given no chance to augment his pleading following the motion to dismiss. In the circumstances of unfamiliarity with legal requirements and of evident good faith in attempting to comply with the court's

---

1. 2 Moore, Federal Practice (1965), ¶ 12.-20. Since the power to dismiss exists under Rule 12(e) itself there is no need to consider separately the general provision of Rule 41(b) authorizing a defendant to move for dismissal of a claim "for failure of the plaintiff * * * to comply with these rules or any order of court," for Rule 41(b) does not enlarge whatever

power to dismiss exists under Rule 12(e). See Societe Internationale, etc. v. Rogers, 357 U.S. 197, 206–208, 78 S.Ct. 1087, 2 L. Ed.2d 1255 (1958), discussing the relationship between Rules 41(b) and 37(b) relating to discovery.

2. Cf. Societe Internationale, etc. v. Rogers, 357 U.S. 197, 211–212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

order, he is entitled to another opportunity to do so adequately. The draconian remedy of dismissal of the action should be invoked only as a last resort and not on the first evidence of inability of an inarticulate plaintiff to satisfy the requirements of the court. Professor Moore has accurately stated the general rule, which is particularly applicable to the present plaintiff: "Where a more definite statement is served within the prescribed time, but it does not comply with the court's order, the court may dismiss the action. This would rarely be justifiable, however, unless the party had first been given another opportunity to serve a proper pleading." 2 Moore, Federal Practice (1965), ¶ 12.20, p. 2310.

There is, moreover, a serious doubt that plaintiff's "Answer to Memorandum of Order" failed to satisfy the requirements of the Rules. While it is neither in title nor in substance a model of good pleading, nevertheless it specified the date and title of the article published in defendant's newspaper and the name of the staff member who wrote it. It alleged in addition that the article was false and libelous and that it deliberately and unwarrantably attacked the plaintiff's character and invaded his right of privacy. In such circumstances, it may well be doubted that the pleading was clearly "so vague or ambiguous" that the defendant "cannot reasonably be required to frame a responsive pleading," especially since any vagueness in its answer resulting from the nature of the complaint could not be deemed a default by the defendant.

We therefore conclude that in the circumstances of this case the action should not have been dismissed and that the district court should either have required the defendant to answer or have afforded the plaintiff a further opportunity to supply whatever deficiency the district judge thought still existed in the complaint as amended.

Our examination of the pleadings has led us to the threshold problem of jurisdiction. Nowhere, either in the original "declaration" or in the supplemental "Answer to Memorandum of Order" filed by plaintiff, is there any allegation of his citizenship or of the state of incorporation and principal place of business of the defendant corporation. Unless diversity of citizenship or some other basis for federal jurisdiction is shown, the district court, of course, is without power to entertain the action.

We shall therefore vacate the judgment and remand the cause with direction to the court below to require plaintiff to file an amended complaint specifying the basis of the jurisdiction of the court and such additional matters as in the light of this opinion may seem appropriate to the district judge by way of supplementary allegations on the merits.