Jules **MICHAEL**, Plaintiff-Appellant

v.

**CLARK EQUIPMENT COMPANY, Clark Leasing Corporation and Clark Rental Corporation, Defendants-Appellees.**

No. 488, Docket 31219.

United States Court of Appeals
Second Circuit.

Argued June 13, 1967.

Decided July 13, 1967.

Bernard H. Fitzpatrick, New York City (Butler, Fitzpatrick & DeSio, New York City, on the brief), for appellant.

John J. Macchia, New York City (Townley, Updike, Carter & Rogers and Richard R. Lutz, New York City, on the brief), for appellees.

Before HAYS and FEINBERG, Circuit Judges, and McLEAN, District Judge.*

HAYS, Circuit Judge:

This is an appeal from an order dismissing plaintiff's complaint. Two grounds were given by the district court for its action: (1) failure of the plaintiff to plead fraud with sufficient particularity to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure [1] and (2) failure of plaintiff to comply with an order of the court to set

---

\* Of the Southern District of New York, sitting by designation.

1. "Rule 9.
  Pleading Special Matters
  \*     \*     \*     \*     \*

(b) Fraud \* \* \*. In all averments of fraud \* \* \*, the circumstances constituting fraud \* \* \* shall be stated with particularity."

forth his causes of action clearly. (See Fed.Rules of Civ.Proc. 41(b)).

 (1) Our examination of the complaint leads us to conclude that the allegations of fraud are sufficient to meet the requirements of Rule 9(b). It appears that the fault which the district court found with the pleading was not in fact addressed to particularization but rather to the inclusiveness of the plaintiff's allegations and to their possible inconsistency. The plaintiff is at liberty to refuse to be pinned down to a single theory of fraud; and inconsistency is not a tenable objection to a pleading. See Fed.Rules of Civ.Proc. 8(e) (2).

(2) There is no justification in the Federal Rules for an order to a plaintiff "to set forth his cause of action clearly." In the first place there is no requirement under the Rules that a complaint state a cause of action. The only relevant requirement is that of stating a claim on which relief can be granted. See Rules 8(a); 12(b). The order of the district court seems to have been designed to require something in the nature of a bill of particulars. But there is no requirement under the Rules that plaintiff provide a bill of particulars.

A great deal of time has been spent in this case in a struggle to get the plaintiff's pleading into better shape. As this court has often remarked, time spent in this way is usually wasted. See, e. g., Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957); Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944). A better procedure than the so-called "trial" of "preliminary issues" would have been to proceed at once to a consideration of the merits either by means of a motion for summary judgment or of a full trial of the factual issues presented by the pleadings.

Reversed.

McLEAN, District Judge (concurring in the result):

As to the second ground discussed in the court's opinion, it is my view that it was proper for the district judge, in an attempt to clarify the rather unusual pre-trial order with which he had to deal, to direct plaintiff to set forth his cause of action clearly. By "cause of action" I understand the district judge to have meant plaintiff's claim of fraud. I concur in the result reached by this court, however, because I believe that plaintiff's statement of contentions dated July 15, 1966, although by no means a model of lucidity, constituted a sufficient enough compliance with the district judge's direction so that the action should not have been dismissed under Rule 41(b).