**BANCO CONTINENTAL, Plaintiff-Appellant,**

v.

**CURTISS NATIONAL BANK OF MIAMI SPRINGS et al., Defendants-Appellees.**

No. 26482.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1969.

Don R. Livingstone, Richard B. Adams, Miami, Fla., Charles F. Schirmeister, New York City, Dean, Adams, George & Wood, Miami, Fla., for appellant.

Henry Burnett, S. J. Powers, Jr., James E. Tribble, P. W. Knight, Fred R. Ober, Hervey Yancey, John L. Britton, Miami, Fla., Blackwell, Walker & Gray, Miami, Fla., for appellee First National Bank of Miami.

Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., for appellee Braniff Airways, Inc.

Miller Walton, for appellee Wells Fargo Armored Service Corporation of Florida; Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., of counsel.

Before BROWN, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

AINSWORTH, Circuit Judge:

Appellant, Banco Continental, a Chilean banking corporation, brought this diversity suit against five defendants for the recovery occasioned by the loss of a shipment of United States currency in the amount of $150,000. The District Court dismissed the suit for failure of plaintiff to state a claim against three of the defendants, namely, Braniff Airways, Inc., Wells Fargo Armored Service Corporation of Florida, and First National Bank of Miami, appellees. The two remaining defendants, Curtiss National Bank of Miami Springs and Pan American World Airways, Inc., are not parties to this appeal. Appellant challenges the propriety of the Court's dismissal of the three named defendants, and our sole inquiry on appeal is whether the Court erred in this regard. We are of the opinion that it did, and accordingly reverse and remand.

Under a continuing agreement between Banco Continental and defendant Curtiss National Bank, for a certain consideration (including commissions, air freight and insurance premiums), Curtiss National provided for periodic shipments of United States currency in amounts of $150,000 to $200,000 in designated denominations from Miami, Florida, to appellant at Santiago, Chile. By terms of the agreement, Curtiss National, upon cabled instructions from Banco Continental, was authorized to charge Banco Continental's account with these remittances. On March 17, 1967, Banco Continental cabled Curtiss National, requesting a transmission of $150,000 in dollar bills of specified denominations. On March 21, 1967, the money bag in which the currency was to be shipped finally arrived in Santiago, Chile, and contained instead of the currency ordered, cardboard imitations.

The usual sequence of events from order of the currency to delivery consisted of the following process: Banco Continental would cable its order to Curtiss National, which in turn would order the currency from First National. First National would place the currency in a bag, seal it, and deliver it to Wells Fargo Armored Service Corporation of Florida, which would transport it to Curtiss National. Curtiss National would return it to Wells Fargo for transportation to Pan American World Airways, Inc. for overseas shipment. En route, at Panama, by virtue of an interchange agreement, Braniff Airways, Inc. would become the delivery carrier.

Banco Continental filed a lengthy complaint consisting of five counts against all of the parties who were in a position to handle the currency on its ill-fated trip from Florida to Santiago, Chile, alleging breach of contract against Curtiss National, Pan American and Braniff, and negligence against all five defendants. After responses by Banco Continental to the District Court's own motion for more definite statements, and at least two amendments of the complaint, the District Judge, after argu-

ment, dismissed Braniff Airways, Wells Fargo and First National, without written reasons.

As a result of the amendments, reallegations and substitutions to the pleadings, the complaint as it now stands contains specific allegations of negligence against each of the appellees.[1]

On appeal appellee Braniff Airways argues that under the specific limitations of the Air Waybill no liability may attach to the carrier for damage "unless such damage is proved to have been caused by the negligence or wilful fault of the carrier * * *." Braniff characterizes Banco Continental's claim of negligence as an attempt to rely upon the doctrine of *res ipsa loquitur* and argues that in order to prevail successfully under that theory it is necessary that there be *allegations* and *proof* that the instrumentality causing the injury was under the exclusive control of the particular defendant charged. Whether or not appellant can prove negligence or wilful fault of the carrier or exclusive control by it can, of course, be decided only by a trial on the merits. It is the sufficiency of the allegations with which we are concerned. Under the type of notice pleading provided by the Federal Rules of Civil Procedure, the allegation that the goods were lost due to the "negligence, carelessness or wilful fault of PAN AMERICAN and BRANIFF" is sufficient to state a cause of action. In Conley v. Gibson, 355 U.S. 41, 47, 48,

78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the Supreme Court, speaking through Mr. Justice Black, stressed the liberality which should be accorded pleadings according to the Federal Rules of Civil Procedure, and said that these rules:

"* * * do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of· what the plaintiff's claim is and the ground upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * * The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745."

In *Maty*, supra, the Supreme Court said:

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between

---

1. In paragraph 5 of Amended Count II, it is alleged:

   "The aforesaid goods were totally lost due to the negligence, carelessness or wilful fault of Pan American and Braniff, the exact nature of which negligence or fault is not known, to, or within the knowledge of Banco Continental, but no negligence on the part of Banco Continental contributed to said loss."

   In paragraph 8 of Amended Count V, it is alleged:

   "The loss * * * was due solely to the failure and negligence of First National or Wells Fargo to perform their respective services in a safe and careful manner and Banco Continental was thereby caused actionable injury as the

   owner and consignee of said $150,000.00, and by virtue of its special property in said goods which were identified to Banco Continental's contract with Curtiss National."

   Further, in paragraph 9 of Amended Count V, it is alleged:

   "The aforesaid total loss of $150,000.00 in U. S. currency would not have occurred, but for the carelessness and negligence of First National in failing to deliver the $150,000.00 to Wells Fargo, or the carelessness and negligence of Wells Fargo in failing to deliver the $150,000 to Curtiss National or Pan American, and no negligence on the part of Banco Continental contributed to said loss."

litigants. They should not raise barriers which prevent the achievement of that end. * * * Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."
Maty v. Grasselli Chemical Co., 303 U.S. 197, 200, 201, 58 S.Ct. 507, 509 (1938).

Fed.R.Civ.P., Rule 8, delineates the wide-range type of pleading allowed and the construction to be given to such pleadings. Paragraphs (e) and (f) thereof recite that:

"(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

"(f) All pleadings shall be so construed as to do substantial justice."

 Although Banco Continental's allegations that the negligence of both Pan American and Braniff caused the loss may appear inconsistent if appellant eventually relies on the doctrine of *res ipsa loquitur*, such an inconsistency in pleading is authorized by the language of Rule 8, supra, and an inconsistency "may lie either in the statement of the facts or in the legal theories adopted, and the party will not be required to elect upon which legal theory he will proceed, since this would defeat the whole purpose of allowing inconsistent pleading." 2A

Moore, Federal Practice ¶ 8.32, pp. 1889, 1890 (2d ed.); Pulliam v. Gulf Lumber Company, 5 Cir., 1963, 312 F.2d 505, 507; Citizens & Southern Nat. Bank v. American Surety Co. of N. Y., 5 Cir., 1965, 347 F.2d 18, 23; Campbell v. Barnett, 10 Cir., 1965, 351 F.2d 342, 344. Although a party "is not at liberty to set forth variant statements of his claim or defense unless he is honestly in doubt as to what the evidence will show * *. Rule 8(e) (2) makes it clear that the requirement of honesty in pleading does not force a party to select a single theory to the exclusion of all others if he is not sure of the basis for recovery or defense." Moore, supra, ¶ 8.33, p. 1894; Berry Refining Company v. Salemi, 7 Cir., 1965, 353 F.2d 721, 722; Bradbury v. Dennis, 10 Cir., 1966, 368 F.2d 905, 908; Breeding v. Massey, 8 Cir. 1967, 378 F.2d 171, 178; Austin v. House of Vision, Inc., 7 Cir., 1967, 385 F.2d 171, 172; Michael v. Clark Equipment Company, 2 Cir., 1967, 380 F.2d 351, 352; 1A Wright, Barron & Holtzoff, Federal Practice and Procedure § 282, p. 203. Obviously, this is the type of case about which it can properly be said that plaintiff was "honestly in doubt" as to what the evidence would show.

 The principal theory of the defenses of Wells Fargo and First National is that no duty was owed to Banco Continental because of the lack of a requisite agency relationship. Wells Fargo argues that it acted solely as the agent of Curtiss National. First National concludes from the language of portions of the pleadings that Curtiss National is not the agent of Banco Continental (despite an express allegation to the contrary in paragraph 2 of amended Count V), for the purpose of securing the currency from First National, and argues that it, therefore, cannot be liable to Banco Continental as an undisclosed principal of Curtiss National. First National also contends that inasmuch as the Curtiss-Wells Fargo phase of the transaction occurred subsequent to First National's role in the chain of events, and since Banco Continental alleges that the

money *was delivered* to Wells Fargo by Curtiss National, the conclusion is inescapable that when the bag left its hands it contained currency. This type of random selection and rejection of portions of the pleadings to best serve the purpose of appellees is not in keeping with the liberal intent of the Rules. Pleadings must be considered in their entirety. Although the Rules encourage short and plain statements, we believe that despite the prolixity of appellant's claim, appellees have been given fair notice of what this claim is and, therefore, have fully complied with the Rules. See Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957); Hanson v. Hunt Oil Company, 8 Cir., 1968, 398 F.2d 578, 581; Schaedler v. Reading Eagle Publication, Inc., 3 Cir., 1967, 370 F.2d 795, 798. Shorn of redundancy and stripped to their core, the pleadings present an honest declaration that a large sum of money was lost to the detriment of appellant as a result of the negligent mishandling of at least one of the defendants comprising the connecting chain. It is immaterial to the validity of Banco Continental's case that allegations of negligence against various defendants appear inconsistent,[2] or that it cannot pinpoint the exact link in that chain at which the negligence occurred, by specifying particular breaches of duty. Great Atlantic and Pacific Tea Company v. Jones, 5 Cir., 1961, 294 F.2d 495, 497.

■ The purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities. Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); United States v. Stephen Brothers Line,

5 Cir., 1967, 384 F.2d 118, 124; Builders Corporation of America v. United States, 9 Cir., 1958, 259 F.2d 766, 771.

■ The record in its present stage is not sufficiently developed to allow dismissal of any of the defendants. In characterizing the final disposition of a civil action on the "basis of bare bones pleadings" as a "tortuous thing," we said in Arthur H. Richland Company v. Harper, 5 Cir., 1962, 302 F.2d 324, 325 (Brown, J.): "How a standard so simply expressed, so often repeated, is apparently so often overlooked without even so much as a deferential mention of it is hard to understand. Although it seems now to be an affectation, we repeat it again, though citation of case names as a shorthand symbol of the principle ought to be enough. We have phrased it and rephrased it in these terms. ' " * * * *a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim * * *,"* Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615,' Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264, 265." (Emphasis supplied.)[3] This mandate is particularly true where, as here, issues of negligence are involved. See Roucher v. Traders & General Insurance Company, 5 Cir., 1956, 235 F.2d 423, 424; Stace v. Watson, 5 Cir., 1963, 316 F.2d 715, 716.

Reversed and remanded.

FULTON, District Judge (concurring specially):

I join with the majority to indicate my concurrence in their conclusion that this case should be reversed and remanded.

Byrd v. Bates, 5 Cir., 1955, 220 F.2d 480, 482; Sunbeam Corporation v. Masters of Miami, 5 Cir., 1955, 225 F.2d 191, 193; United States v. International Exterminator Corp., 5 Cir., 1961, 294 F.2d 270, 271 (and cases cited therein); Miami Parts & Spring, Inc. v. Champion Spark Plug Co., 5 Cir., 1966, 364 F.2d 957, 967.

---

**2.** See generally 2A Moore, Federal Practice ¶ 8.32, pp. 1889, 1890 (2d ed.); also, Pulliam v. Gulf Lumber Company, 5 Cir., 1963, 312 F.2d 505; Citizens & Southern Nat. Bank v. American Surety Co. of N. Y., 5 Cir., 1965, 347 F.2d 18; Campbell v. Barnett, 10 Cir., 1965, 351 F.2d 342.

**3.** See also John Walker & Sons v. Tampa Cigar Co., 5 Cir., 1952, 197 F.2d 72, 73;