Rubena OLDMAN, Administratrix of the Estate of Dominick Charles Oldman, Jr., Deceased, Appellant (Plaintiff below),

v.

Charlotte BARTSHE, Administratrix of the Estate of Dominick Charles Oldman, Deceased, Appellee (Defendant below).

No. 3876.

Supreme Court of Wyoming.

Jan. 29, 1971.

Mayne Miller, Casper, for appellant.

J. E. Vlastos of Cardine & Vlastos, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff, administratrix of the estate of her two-year-old son *Dominick Charles Oldman, Jr.*, filed a complaint against the estate of her former husband, the child's father, seeking $50,000 damages for the wrongful death of her son. She alleged that her husband was the driver of the car in which her son had been riding, "was driving under the influence of intoxicating liquors. He drove in willful and wanton disregard of the wellbeing of the * * * child and as a result collided with a truck * * *. In the ensuing collision both * * * the father * * * and * * * child * * * were killed. * * * The proximate cause of the death of said child was the willful and wanton misconduct of the father * * *."[1] Defendant moved for dismissal on the grounds of insufficiency of process and service and failure to state a cause upon which relief could be granted. Plaintiff, without attempting to delineate her claim either by amendment of the complaint or presentation of matters outside the pleadings under which the motion would have been treated as one for summary judgment, presented argument to the court apparently urging that there should be no family immunity in cases of this type. The trial court granted defendant's motion and wrote an explanatory memorandum indicating that a minor could not in this jurisdiction maintain an action for tort against

a person where there had been no intentional injury. Plaintiff has appealed, arguing here that the case falls within the province of the court for judicial determination, is not a matter solely for legislative change, that justice requires reversal, and that the trend of authorities in the United States hold actions of this nature to be maintainable.

As will become obvious during our discussion, the status of the litigation does not warrant any extensive analysis of the immunity doctrine, the theories advanced for its abrogation, or the reasons for adherence. However, a summary of these is desirable as a background.

Plaintiff does not cite but tacitly concedes the substance of the Annotation, 19 A.L.R.2d 423, stating at 439, "The cases run strongly to the effect that an unemancipated minor cannot maintain an action against his parent to recover damages for negligence—most of the cases being complaints of negligence in the operation of motor vehicles * * *." To a similar effect is 6 Blashfield, Automobile Law and Practice, 551 (3 ed.), citing numerous cases:

"In accordance with the common-law rule that an unemancipated minor cannot hold a parent liable for a personal tort, in the absence of statutory modification it usually has been held that a parent whose negligent driving injures an unemancipated child is not liable to the child in damages."

These quoted authorities seem to fairly present the realities of current litigation in this field, which are important in the present controversy, notwithstanding the questioning which has occurred by various authors as to the common law being the true antecedent of the immunity doctrine or the propriety of the rationale. Prosser, Law of Torts, 885 (3 ed.); 1 Harper and

---

1. Plaintiff also alleged that at the time of the accident the father had in full force and effect a policy of automobile liability insurance, which allegation was the subject of a motion by defendant to strike but was not ruled on by the trial court and is not raised in this appeal.

James, Law of Torts, 648 (1956); 7 Wyo. L.J. 199.

■ This court in Ball v. Ball, 73 Wyo. 29, 269 P.2d 302, 314, had in mind the entire conspectus of viewpoints on the subject when after a consideration of many cases, including Cowgill v. Boock, 189 Or. 282, 218 P.2d 445, 19 A.L.R.2d 405 (on which plaintiff here so strongly relies), it was said:

"* * * the judiciary should be reluctant to encourage actions as maintainable between children and their parents unless sanctioned by the statute law or where they disclose so clear an invasion of the rights of the child as tending to bring discord into the family and to disorganize its proper government. * * *"

Notwithstanding plaintiff's effort to distinguish the Ball case, its pronouncement is the law of this jurisdiction.

■ Although the present complaint is somewhat ambiguous in commingling the charge of willful and wanton disregard of the wellbeing of the child with driving under the influence of intoxicating liquor, the matter might well have been clarified by a motion for more definite statement or by interrogatories so as to admit of an intelligent answer. Driving under the influence of intoxicating liquor in and of itself is not willful and wanton disregard of a passenger.[2] Apparently the trial court concluded from the Ball opinion, supra, and Cannon v. Cannon, 287 N.Y. 425, 40 N.E.2d 236, cited therein, 269 P.2d at 313–314, that without an intentional injury there was no cause of action on which relief could be granted. We cannot agree with that interpretation. Aside from the question of intention, it is possible that willful and wanton disregard of the wellbeing of a child, resulting in injury, could so invade his rights that discord and disor-

ganization would result in the family unit. Since a motion to dismiss for failure to state a claim cannot be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved to support his claim,[3] it follows that there should have been no dismissal in the instant situation. The order must be reversed with the remand of the cause for further proceedings which permit a development of the facts.

Reversed and remanded.

---

2. Dillard v. Dillard, 244 Or. 597, 418 P.2d 839, 840, certiorari denied 386 U.S. 983, 87 S.Ct. 1285, 18 L.Ed.2d 232; Russell v. Elkins, 115 Ohio App. 341, 177 N.E.2d 355, 358, 16 Ohio Op.2d 472.

3. State Highway Commission v. Bourne, Wyo., 425 P.2d 59, 63; Banco Continental v. Curtiss National Bank of Miami Springs, 5 Cir., 406 F.2d 510, 514.