NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3306
_____

ANDRE L. HOWERTON,
Appellant

v.

VISA; SUPERVISOR DAVE, a manager of Visa; CONTESSA SEGURA, Human
Resources for Visa; MET Life CEO ALFRED F. KELLY, JR.; STEVEN A.
KANDARIAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-01136)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: April 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Howerton, proceeding pro se, appeals the District Court's November 26, 2024 Order dismissing his complaint under Fed. R. Civ. P. 8. We will affirm the Court's order.

Because we write primarily for the parties, we will recite only the facts necessary for this discussion. In 2024, appellant Andre Howerton filed a complaint in the District Court of the Middle District of Pennsylvania.[1] Howerton's operative amended complaint alleged that the named defendants had discriminated against him, committed fraud pursuant to 18 U.S.C. § 641, and violated his rights under the Civil Rights Act of 1964, in relation to the death of his wife, but did not offer anything beyond bald assertions to support these claims. The District Court assigned screening of the amended complaint to a Magistrate Judge, whose Report and Recommendation ("R&R") recommended the amended complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8's requirements. The R&R also noted that any claims Howerton might raise appeared to be barred by the applicable statute of limitations. The District Court adopted the R&R and dismissed Howerton's complaint. Howerton then appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds

---

[1] A Magistrate Judge reviewed Howerton's initial complaint, concluded that it failed to satisfy Rule 8, and directed him to file an amended complaint, which he did.

upon which it rests.'" <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 92 (3d Cir. 2019) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam)). The complaint cannot be "so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it," but must "present[] cognizable legal claims to which a defendant can respond on the merits." <u>Id.</u> at 93-94 (quoting <u>Schaedler v. Reading Eagle Publication, Inc.</u>, 370 F.2d 795, 799 (3d Cir. 1967)); <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004) (applying Rule 8's plain statement rule to a pro se complaint).

We agree with the District Court's dismissal of Howerton's action for failure to comply with Rule 8, because Howerton's complaint was so vague that the defendants would be left to guess at the contours of his claim "and the grounds upon which it rests." <u>Erickson</u>, 551 U.S. at 93 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Howerton's complaint does not contain any factual assertions which would support his allegations or provide the defendants with notice of how and when he was allegedly injured beyond bald and conclusory accusations. And, while pro se litigants' pleadings are afforded a liberal construction, their complaint must still "present[] cognizable legal claims to which a defendant can respond on the merits." <u>Garrett</u>, 938 F.3d at 94.

On appeal, Howerton alleges the District Court erroneously applied Rule 8 to dismiss his complaint, and that "Rule 60 should be applied to correct the dismissal." CA ECF No. 6 at 2-3. As discussed above, the District Court correctly applied Rule 8 to Howerton's amended complaint, resulting in its dismissal. As to Howerton's arguments

3

under Rule 60, this Court is unable to grant relief, because such motions must be filed with the District Court.[2] Fed. R. Civ. P. 1, 60.

Finally, we agree with the District Court that Howerton had the opportunity to address the pleading deficiencies in his amended complaint, and that any further amendment would be futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Based on the foregoing, the District Court did not abuse its discretion in dismissing Howerton's amended complaint under Fed. R. Civ. P. 8, and we will affirm the District Court's judgment.

---

[2] And, to the extent it is possible that Howerton intended his instant complaint to allege fraud in prior litigation and seek relief under Rule 60(b)(3), see ECF No. 12 at 1, he must file a Rule 60 motion on the relevant case's docket.