43706.   CALLAWAY v. MILLER, by Next Friend, et al.

SUBMITTED JUNE 5, 1968—DECIDED SEPTEMBER 4, 1968.

310

*Haas, Dunaway, Shelfer & Haas, George A. Haas,* for appellant.

*James O. Goggins, Douglas Dennis,* for appellees.

JORDAN, Presiding Judge. ■ Considered together, the third through the thirteenth enumerations, directed to the failure to instruct, and instructions as given, raise the proposition that injuries caused by a domestic animal afford no basis for recovery without a showing of viciousness and scienter. While *Code* § 105-110 expressly recognizes the liability of the owner of a

vicious or dangerous animal for injuries to another person resulting from the careless management of the animal, or by allowing the animal to go free, and under numerous holdings knowledge by the owner of the vicious or dangerous character of such an animal, if it be a domestic animal, is essential, we do not view this Code section, as applied by the courts, as providing an exclusive basis for recovery when injury is caused by a domestic animal. The defendant's horse was "ground tied" and under no physical restraint in the presence of other horses and children, and the real gist of the action in the present cases, as recognized by the trial judge, is unrelated to the vicious or dangerous character of the animal, but instead is dependent on a jury determination of whether the defendant was negligent in failing to exercise ordinary care under the circumstances. In 1887 the Supreme Court recognized that "[e]very horse, no matter how gentle or amiable, must be properly attended or secured in the crowded business streets of a city, when there by the act of the owner and subject to his control. The instincts common to the species render this necessary, and of these instincts every owner must be presumed to have notice. The qualities of the individual horse have no relevancy, except as throwing light upon the means proper to be used to secure him, and the kind of attendance, or other precautions which common prudence requires." The court at this time also recognized that if the owner is negligent in this respect it may be fairly anticipated that the horse may become excited or frightened by the acts of other persons, and thereby cause injury but that such intervening acts do not isolate the negligence of the owner as the effective proximate cause. Such negligence as the proximate cause of injury is a question for jury determination. *Phillips v. Dewald,* 79 Ga. 732, 735 (7 SE 151, 11 ASR 458). See *Phillips v. Cleveland,* 31 Ga. App. 206 (120 SE 639); *Starland Dairies v. Evans,* 105 Ga. App. 813, 815 (125 SE2d 682). Cf. *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277 (75 SE 243). While the *Dewald* case involved an incident in the crowded business streets of a city, we think the principles there recognized are equally applicable to any situation where a horse, if unattended, is likely to become excited or frightened, and thereby cause injury to others. There is no merit in the third through thirteenth enumerations.

■ The fourteenth enumeration is based on the asserted error in allowing the infant plaintiff to testify, over objection, that her grades in the ninth grade, after injury, were "quite under par" in comparison to her grades in the eighth grade, before injury. She explained that in the eighth grade she had more energy and could do more, from a physical standpoint, and that it was "at least a year" after the injury before she felt well. The essential relevant fact is not that of her actual grades in the eighth and ninth grades, as to which there is no evidence and for which the official school records would provide the best evidence, but instead it is that of whether her injuries had affected her ability to do school work, which, with or without the actual grades for comparison, is a matter of opinion. The burden was on the plaintiff to show such an injury, but counsel for a defendant other than appellant had attempted earlier to negate any such injury by eliciting from the infant plaintiff, on cross examination, the fact that she had in regular order successfully completed the ninth through twelfth grades, had graduated from high school, and was planning to attend college, and counsel for the defendant-appellant had reinforced the inference arising from such testimony by eliciting from her the name of the college which had accepted her and which she planned to attend. Thus as a matter of direct proof, and in rebuttal to the testimony already in evidence as to her ability to do school work, evidence was admissible to show how the fall and injuries may have affected her ability to do school work. We think that in this respect her testimony should be regarded as an admissible lay opinion, supported by the reasons therefor, under *Code* § 38-1708, to the effect that her injuries had affected her work in the ninth grade, notwithstanding her successful completion thereof. The fourteenth enumeration is without merit.

■ In the fifteenth, sixteenth, and seventeenth enumerations error is asserted in allowing the attending physician to testify as to the reasonableness of charges for services rendered by another doctor, the hospital, and for nurses. Although the attending physician admitted he did not know the exact nature of the services rendered by the other doctor, he knew that this doctor examined the infant plaintiff in the hospital on one day, and

checked on her the next day. He also knew that she was in the hospital for five days, having visited her daily during this period, and he recalled recommending the use of private nurses, although he did not recall for how long. We think these facts, plus hypothetical information furnished him as to the length of time for nursing, which is in substantial conformity with testimony of the father, are amply sufficient to enable him to testify as to the reasonable value of these services.

■ The eighteenth, nineteenth, and twentieth enumerations are based on objections to the testimony of the father identifying the bill for $35 he received from one doctor and the bill for $185.69 he received from the hospital. There is no merit in these contentions.

■ The twenty-first enumeration is based on the asserted error in failing to instruct the jury not to award any damages for sums allegedly paid to a doctor and a dentist, there being no proof to support these payments. After the court had instructed the jury only in general terms as to recovery for medical expenses, if properly proved, counsel objected to the instructions as given as deficient in failing to eliminate specifically the above alleged payments, as to which there is no proof. The instructions as given with respect to damages reveal no substantial error, and if the defendant desired more specific instructions, he should have submitted a written request in conformity with Sec. 17 of the Appellate Practice Act, as amended. Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Saxon v. Toland*, 114 Ga. App. 805 (1) (152 SE2d 702).

■ The twenty-second enumeration, directed to objections concerning the father's testimony as to what he paid for nursing service, is without merit.

■ The twenty-third enumeration, asserting error in allowing the plaintiffs to amend their petitions, is without merit.

■ The twenty-fourth enumeration, not being argued or supported by citation of authority, is deemed to be abandoned.

■ This leaves for consideration the first two enumerations, asserting error on the refusal to direct a verdict, grant judgment n.o.v., and in overruling the general grounds of the motion for new trial. Under the theory discussed in the first division of

this opinion there was ample evidence from which a jury could determine that the defendant was negligent in failing to take necessary action in the exercise of ordinary care under the circumstances shown to attend his horse and to prevent it, in the presence of other horses and children, from causing the incident whereby Barbara Ann Miller fell from her horse and was injured by the fall and kicking and pawing of the horses. The evidence authorized but did not demand verdicts for the plaintiffs, and no error is shown by these enumerations.

*Judgments affirmed. Deen, J., concurs. Pannell, J., concurs in the judgment.*