In re Robert Lewis RINES, Alma Katherine Rines, Debtors,

Robert Lewis RINES, Alma Katherine Rines, Plaintiffs,

v.

Janice HARRIS, Defendant.

Bankruptcy No. 82–40017–COL.
Adv. No. 82–4018–COL.

United States Bankruptcy Court, M. D. Georgia, Columbus Division.

March 30, 1982.

Charles M. Evert, Columbus, Ga., for plaintiffs.

James A. Elkins, Jr., Columbus, Ga., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Bankruptcy Judge.

Defendant (Harris) obtained judgment for $15,000 against Plaintiffs (Debtors) in Superior Court of Muscogee County, Georgia for injuries sustained when Debtors' dog attacked Harris. Debtors filed bankruptcy, and in the Bankruptcy Court Debtors filed a complaint to avoid the judicial lien of that judgment. Harris countered with a complaint to determine that the debt represented by the judgment was nondischargeable. Herein, the debt is determined to be nondischargeable. There being no material issues of fact, Debtors and Harris have each filed a motion for summary judgment.

### FACTS

The Findings of Fact, Conclusions of Law, and Judgment as found by the Judge of the Superior Court of Muscogee County are as follows:

"The above action came on for trial after having been previously set down; Plaintiff and her counsel being present. When the case was called for trial, Plaintiff announced ready and Defendants were called for but did not appear. Plaintiff's counsel invoked the 'three minutes' rule and when Defendants did not appear at the end of three minutes, the Court struck Defendant's defensive pleadings. Plaintiff's counsel struck his demand for trial by jury, and the Court then heard evidence in the case.

### FINDINGS OF FACT

The Court finds that Plaintiff was viciously attacked by a dog owned by Defendants on or about March 30, 1981. The dog had bitten other human beings prior to this attack and this information was known to Defendants. As the result of said attack, Plaintiff suffered an open wound to her leg requiring 39 stitches to close. In addition, Plaintiff was hospitalized for some 11 days to obtain a skin

graft. Plaintiff was out of work some 11 weeks losing wages of approximately $1,500.00. Plaintiff's medical expenses exceeded $2,500.00. Plaintiff's skin graft did not take and her wound is still open. Plaintiff may require a future operation as a result of her injury.

## CONCLUSIONS OF LAW

The Court concludes that the owner or owners of a dog which is known by the owner or owners to have a propensity for biting people or being vicious, is liable in damages to a person who is injured by said dog's act of biting.

## JUDGMENT

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff, JANICE HARRIS recover of Defendants, ROBERT RINES AND ALMA RINES, jointly and severally, the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) with interest thereon at the rate of 12% as provided by law, and the costs of this action.

SO ORDERED this 16th day of November, 1981.

/S/  Albert W. Thompson
Judge, Muscogee Superior Court"

Implicit in the findings, etc., above in the Superior Court are the following facts which are not disputed:

1. Debtors allowed their dog to go at liberty upon the public streets and upon the property of other people.

2. The attack by the dog of Debtors took place on the premises of Harris.

The judgment is dated November 16, 1981. Debtors filed for bankruptcy on the 15th day of January, 1982. Harris contends that the debt is nondischargeable because it is one involving a willful and malicious injury by Debtors to Harris.

## APPLICABLE LAW

1. 11 U.S.C. § 523(a)(6) provides:

"(a) A discharge ... does not discharge an individual debtor from any debt—...

(6) for willful and malicious injury by the debtor to another entity ... "

Substantially, the same language has been in the bankruptcy laws since 1898.

2. Georgia Code § 105–110 provides:

"Vicious animals, liability for injuries caused by.—A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured. (88 Ga. 40 (13 S.E. 802).)"

■ 3. Certain kinds of animals involve an obvious danger to the community, even if they are carefully kept ... Those who keep such animals for their own purposes are required to protect the community, at their peril, against the risk involved.

Strict liability for damage done by dangerous animals is of very ancient origin.

■ A dangerous animal is one which is known in fact by the one who keeps it to be likely to inflict serious damage. See *Prosser*, Law of Torts, 496, 499 (4th Ed.).

## CONCLUSIONS OF LAW

1. Georgia Code 105–110 imposes strict liability on the owner of a dangerous animal.

2. The judgment debt is a debt for willful and malicious injury by the Debtors to Harris, and as such the debt is nondischargeable.

3. The judicial lien resulting from said judgment is not avoidable.

4. The judgment in Civil Action No. 81–1178 in the Superior Court of Muscogee County Georgia continues in full force and effect.

## DISCUSSION

■ Although liability for injuries caused by vicious animals is dealt with in Georgia Code § 105–110, this Code section is not identified in the complaint and find-

ings, etc., in the Superior Court of Muscogee County. This Code section does not provide an exclusive basis for recovery when injury is caused by a domestic animal. *Callaway v. Miller*, 118 Ga.App. 309, 163 S.E.2d 336, 338. Nevertheless, whatever the basis for recovery, it must be shown that the animal was vicious or dangerous and that the owner must have knowledge of the vicious or dangerous character of the animal. In the instant case, the viciousness of the dog and knowledge thereof by the owners was found by the Superior Court Judge. Ga.Code § 105–110 does not characterize the conduct authorizing recovery as negligent or willful and malicious, etc. Our question then is whether or not the facts disclose a willful and malicious injury which under 11 U.S.C. § 523(a)(6) would bar the discharge of the debt evidenced by the judgment. For answer we turn to *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904).

There is no need to quote extensively from *Tinker*. Suffice to say, *Tinker* says an act is willful if it was done voluntarily, and if the act was wrongful, it was malicious because the injurious consequences which followed the wrongful act were those which might naturally be expected to result from it and which defendant must be presumed to have had in mind when he committed the offense. From the foregoing facts, Debtors knew that their dog had bitten at least one other human being, and thus they knew the dog had a propensity for biting people or being vicious. Debtors having such knowledge, permitted their dog to go at liberty upon the premises of Harris where it attacked Harris. Permitting their known vicious dog to go at liberty was a voluntary wrongful act of theirs, and thus a willful wrongful act of theirs. It was also a malicious act of theirs because the injurious consequences which followed were those which might naturally be expected to result from their wrongful act.

In Georgia "dog bite" cases it is essential that the owner have knowledge of the dog's propensity for biting. Every dog is entitled to one bite says the old adage.

The dog having had its one bite, which is known to its owner, the owner thereafter is liable to the person suffering injuries by reason of being bitten by the dog if the dog is allowed to go at liberty. Such conduct does not comfortably fit into any of the standard categories of negligence, gross negligence, etc., but Ga.Code § 105–110 does impose strict liability. Here, such willful and malicious conduct resulting in the injuries sustained by Harris is sufficient to bring it within the exception to discharge for willful and malicious injuries to Harris.

Debtors contend that *Tinker* is no longer applicable to 11 U.S.C. § 523(a)(6) because there appears in the legislative history the following:

"Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902) [sic], held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 5865, 6320.

From this it appears that by a few sentences in the legislative history an attempt was made to "overrule" a long standing interpretation by the Supreme Court of the very words which Congress had used in the Bankruptcy Act of 1898 and also used in the Bankruptcy Reform Act of 1978. We do not think that this is sufficient authority for this Court to tinker with *Tinker*.

"It is unclear how much of the definitions stated in *Tinker* the committee intended to overrule by the foregoing comment. As has already been noted, the words actually enacted remain unchanged. This raises the question whether a sentence in a committee report, which is itself ambiguous, overrules 75 years of consistent judicial interpretation

of the identical terms used in the identical context. I think not." *In re Simmons*, 9 B.R. 62, 65 (Bkrtcy.S.D.Fla., 1981).

"Legislative history is a helpful tool in determining the intent of the legislature where that intent is not clear. But, I fail to see how a statement in a report prepared for the assistance of Congress, usually by unidentified persons, can overrule decisions of the United States Supreme Court where almost the identical language was involved. In my opinion, *Tinker v. Colwell, supra,* is still operative and controlling." *In re Auvenshine*, 3 C.B.C.2d 946, 951, 9 B.R. 772, 775 (Bkrtcy. W.Mich., 1981).

See also *In re McCloud*, 7 B.R. 819, 3 Bankr. L.Rep. (CCH) ¶ 67,818 (Bkrtcy.M.D.Tenn., 1980). For contrary views see *In re Maiolo*, 12 B.R. 114 (Bkrtcy.N.D.Ga.1981) and cases cited there.

An Order is entered simultaneously herewith.