**In re James Leroy BRATCHER and Anne Marie Bratcher, Debtors.**

**Bertha WHITAKER and Vollie Morrow, Plaintiffs,**

**v.**

**James Leroy BRATCHER, Defendant.**

**Bankruptcy No. BK–81–01867.**
**Adv. No. 82–0007.**

United States Bankruptcy Court,
W. D. Oklahoma.

June 3, 1982.

Richard E. Butner, Wewoka, Okl., for plaintiffs.

Charles Laster, Shawnee, Okl., for defendant.

---

## MEMORANDUM ORDER

ROBERT L. BERRY, Bankruptcy Judge.

### Statement of the Case

This adversary proceeding was originally commenced by the Plaintiffs' filing an "Objection to Discharge" under 11 U.S.C. § 727 which, in response to Plaintiffs' oral motion, this Court will treat as an application to determine dischargeability under 11 U.S.C. § 523. In this action, Plaintiffs have alleged that the debtor, James Leroy Bratcher, is indebted to them for injuries sustained in an automobile collision. Plaintiffs further allege that this indebtedness is not dischargeable in bankruptcy as having been incurred for a willful and malicious injury by the debtor to Plaintiffs as provided in 11 U.S.C. § 523(a)(6).

### Facts

On or about the 8th day of September, 1982, James Bratcher left his place of employment after working a late shift from 7:00 p. m. the previous evening until 7:00 a. m. that morning. According to his testimony, he consumed between three and five "beers" after leaving work.

At approximately 12:30 p. m., Vollie Morrow was a passenger in an automobile driven by Bertha Whitaker proceeding in a southerly direction on a four lane street in the far right hand lane. At this time Bratcher was proceeding northbound on the same street in his pickup truck. The collision occurred when Bratcher's truck crossed over to the opposite side of the street and struck the plaintiffs' car.

Bertha Whitaker testified that just before the collision she looked up and saw Bratcher's truck about to strike her car and noticed that the driver was "slumped over as though passed out". A police officer testified that he found between three and four beer cans in Bratcher's truck, that he found no braking skid marks at the scene and that, in his opinion, Bratcher was intoxicated.

Bratcher, on the other hand, denied that he was inebriated or drunk and stated that the reason his vehicle crossed the street was due to another vehicle's "running him off the road". The police officer, however, remembered Bratcher making no such statement at the time of the collision regarding another vehicle.

As a result of the collision, the plaintiffs filed suit against Bratcher in the Oklahoma District Court of Pottawatomie County, Oklahoma. In that action Bertha Whitaker claimed $122,500.00 in actual and punitive damages while Vollie Morrow claimed $315,000.00 in actual and punitive damages. Before adjudication of that lawsuit, however, Bratcher filed his petition in Bankruptcy. The medical records of the plaintiffs were introduced by stipulation for this Court's use in determining damages.

### Law

Plaintiffs' contention of nondischargeability in this action is based on their assertion that the defendant's operation of his truck while in an intoxicated condition exhibited a "reckless and wanton disregard for the safety" of Plaintiffs and, thus, falls within the "willful and malicious injury" exception to bankruptcy discharge of 11 U.S.C. § 523(a)(6).

In *In re Bryson*, 3 B.R. 593 (Bkrtcy.N.D. Ill.1980), the court faced a very similar situation. In the course of its thorough and well reasoned opinion, the court said:

"The question is whether the injuries caused by the defendant's drunk driving create a debt nondischargeable under § 523(a)(6) of the Bankruptcy Code. Under § 17a(8) of the Bankruptcy Act such debts were held to be nondischargeable. Defendants' conduct of driving under the influence was characterized as 'willful and malicious' for the courts concluded that defendant acted in an intentional manner that he knew to be wrongful.

\* \* \* \* \* \*

"As to the case at bar § 523(a)(6) excepts from discharge in language similar § 17a(8) any debt 'for willful and malicious injury by the debtor to another entity or the property of another entity.' As has been seen the words 'willful and malicious' have not been consistently interpreted in cases under the Bankruptcy Act. To determine Congress's intent this court must look to legislative history of § 523(a)(6).

"Section 523(a)(6) of the original Bankruptcy Reform Act provided that a debt 'for willful and malicious injury by the debtor to another entity or to the property of another entity' was nondischargeable. H.R. 8200, 95th Cong., 1st Sess. (1977). The accompanying report [H.R. Rep.No. 595, 95th Cong., 1st Sess. 365 (1977)] U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320 states:

[P]aragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902) [sic], held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled.

\* \* \* \* \* \*

"Congress has intended 'willful and malicious' to include conduct that is 'deliberate or intentional' . . . and not conduct that shows 'reckless disregard.'

"Here the defendant showed reckless disregard. He was drunk when he ran into the plaintiff. But there is no evidence that the defendant intended to injure anyone. His conduct cannot be described as 'willful and malicious' under § 523(a)(6). The court concludes that . . . [defendant's debt] . . . is dischargeable."

The court's reasoning in *Bryson* is incontrovertible. Where congress has clearly indicated its intent, this Court must abide by that intent.

In the instant case, no evidence has been presented to show that Bratcher deliberately drove his truck into the plaintiffs' car. Therefore, this Court is of the opinion that any debt which Bratcher has incurred to the plaintiffs as a result of the collision does not fall within the dischargeability exception of 11 U.S.C. § 523(a)(6) and will be discharged.

### Conclusion

In light of the foregoing findings of fact and legal authorities, this Court concludes that judgment should be rendered in favor of the defendant-debtor in so far as the dischargeability of plaintiffs' claims are concerned and any amount remaining unpaid thereon after distribution of the debtor's estate is hereby declared discharged.

IT IS SO ORDERED.