**In the Matter of Steven Dennis MORGAN, Debtor.**

**Frank CASTIGLIA, Jr., Plaintiff,**

**·v.**

**Steven Dennis MORGAN, Defendant.**

**Bankruptcy No. BK81–1834. A82–6.**

United States Bankruptcy Court, D. Nebraska.

July 28, 1982.

William R. Hadley, Omaha, Neb., for plaintiff.

Rodney W. Smith, Omaha, Neb., for defendant.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

The issue in this case is whether the defendant who was operating a motor vehicle while intoxicated is entitled to a discharge of his resulting liability for damages as a result of the accident he caused.

Plaintiff contends that the indebtedness due him as the injured party is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) which excepts from discharge any debt:

> "... for willful and malicious injury by the debtor to another entity ..."

On September 19, 1980, defendant operated his motor vehicle after consuming, by his admission, five or six beers. An accident involving the plaintiff occurred and dischargeability centers around the defendant's liability to plaintiff for damages as a result of the accident.

The former Bankruptcy Act excepted from discharge debts which were for "willful and malicious injuries to the person or property of another." 11 U.S.C. § 35a(8). In construing the meaning of that section, *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), was a focus. Two lines of cases arose from that decision. One line of cases construed the statutory language as requiring a deliberate injury coupled with evil intent to render a liability nondischargeable. The other line of cases, also interpreting *Tinker*, suggested a looser standard of reckless disregard of rights of others without deliberate intent to injure.

The new Bankruptcy Code adopted the previous statutory language of "willful and malicious injury." However, the legislative history suggests that the line of cases applying the "reckless disregard" standard are overruled and that the term "willful" means deliberate or intentional.

Defining "willful and malicious" is difficult and probably unproductive. Defining what it is not is somewhat easier. It seems reasonable to conclude that simple negligence is not "willful and malicious." At least one commentator under the old Act has concluded that it would be unreasonable to interpret the statutory language to apply to simple negligence claims. Countryman, "The New Dischargeable Law," 45 American Bankruptcy Law Journal 1, at p. 15.

To suggest that there is a degree of negligence which is so gross that the conduct can be equated with "willful and malicious injury" seems strained. An increase in the degree of gross negligence only increases the probability of a resulting injury. It does not make the injury a "willful injury" and a "malicious injury". In terms of the present case, a drinking driver clearly intends the act of driving, but there is no evidence before me to suggest that he intended the injury. Therefore, the injury here involved cannot be said to be willful in the sense that it is deliberate nor can the injury here involved be said to be malicious in the sense that it was done with any evil intent to produce it.

Resulting from the foregoing is my conclusion that the injury here involved was not done deliberately even though it could be said to have been done negligently.

Plaintiff suggests that the public policy of the law should be that grossly negligent acts, done with utter disregard of the rights of others, even though done without specific

**40**

intent, should be punishable. Given the statutory language of the Bankruptcy Code, if the policy of the law is to punish that type of conduct, it must be the function of the criminal justice system and not of the bankruptcy administration system.

My conclusion is that the indebtedness due the plaintiff from the defendant is discharged in this bankruptcy proceeding. A separate judgment is entered in accordance with the foregoing.