**In re George Patrick MANEY, Debtor.**

**Bankruptcy No. Bk–80–01503.**

United States Bankruptcy Court,
W. D. Oklahoma.

Sept. 7, 1982.

James F. Howell, Oklahoma City, Okl., for Bonnie J. Mitchell, plaintiff.

Thomas W. Woody, Oklahoma City, Okl., for debtor.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

Plaintiff Bonnie J. Mitchell seeks a nondischargeable judgment against defendant-debtor George P. Maney under Code § 523(a)(6) based upon the parties' stipulation that there is no proof of a deliberate, intentional tort but plaintiff would present substantial proof of defendant's gross and wanton negligence amounting to a reckless disregard for the rights of others.

### LAW

1) Under former Act § 17(a)(8) the words "willful and malicious" contemplated the intentional doing of an act which resulted in "injury" to person or property, or that class of torts in which malice and injury are implied. *Marbry v. Cain,* 180 Tenn. 500, 176 S.W.2d 813 (1944), *cert. den.* 321 U.S. 800, 64 S.Ct. 938, 88 L.Ed. 1087. Such did not necessarily involve hatred or ill will as a state of mind, but arose from a wrongful act, done intentionally without just cause or excuse or with reckless disregard. *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48

L.Ed. 754 (1904). Specifically, an automobile could be operated in such a willful, wanton manner as to give rise to a nondischargeable debt. *In re Greene*, 87 F.2d 951 (C.A.7 1937). And although drunk driving of itself did not establish willful and malicious behavior by bankrupt [*Dillard v. Dillard*, 244 Or. 597, 418 P.2d 839 (1966), *cert. den.* 386 U.S. 983, 87 S.Ct. 1285, 18 L.Ed.2d 232; *In re Moya*, 3 B.C.D. 520 (S.D.Cal. 1977)] such could be wanton in character. *Terzian v. California Casualty*, 42 Cal. App.3d 942, 117 Cal.Rptr. 284 (1974); *Rosen v. Shingleur*, 47 So.2d 141 (La.App.1950).

■ 2) However, the standard of reckless disregard applicable under former section 17 no longer is applicable. *In re Hodges*, 4 B.R. 513, 6 B.C.D. 531 (Bkrtcy.W.D.Va. 1980); *In re Donnelly*, 6 B.R. 19, 6 B.C.D. 1081 (Bkrtcy.D.C.Or.1980); *In re Stanfield*, 14 B.R. 180, 8 B.C.D. 170 (Bkrtcy.N.D.Ohio 1981). *Contra, In re Rines*, 18 B.R. 666, 8 B.C.D. 1205 (Bkrtcy.M.D.Ga.1982).

■ 3) Specifically, under Code § 523(a)(6) driving while intoxicated does not as a matter of intent create a nondischargeable debt. *In re Bratcher*, 20 B.R. 547 (Bkrtcy.W.D.Okl.1982); *In re Bryson*, 3 B.R. 593, 6 B.C.D. 199 (Bkrtcy.N.D.Ill.1980).

Accordingly, it is hereby ORDERED that the complaint herein be DISMISSED with prejudice.