In re Rodney SILAS, Debtor.

Virginia LEE & Timothy Lee, Timothy Parrish and St. Farm Mutual Automobile Insurance Company, Plaintiff,

v.

Rodney SILAS, Defendant.

Bankruptcy No. 82–0779.
Adv. No. 82–0573.

United States Bankruptcy Court,
N.D. Alabama, W.D.

Nov. 22, 1982.

Rufus E. Elliott, III, Birmingham, Ala., for plaintiff.

J.H. McEniry, III, Bessemer, Ala., for debtor-defendant.

## ORDER OF THE COURT

GEORGE S. WRIGHT, Bankruptcy Judge.

The plaintiff, Timothy Lee, filed an objection to the discharge of the debtor under § 523(a)(6).

## I. FINDINGS OF FACT

1. In the late evening on New Year's Day 1981, after too much New Year's celebration by both drivers—the defendant-debtor, Rodney Silas, was involved in a head-on automobile accident with the plaintiff, Timothy Lee, on a two-lane highway on the Warrior River Road in western Jefferson County, Alabama.

2. Deputy Sheriff, Mike Williams, Jefferson County, Alabama, investigated the accident and talked to the debtor, Silas, at the scene of the accident. Silas had a strong odor of alcoholic beverages, was unsteady on his feet, and his speech was slurred so that in the Deputy's opinion, Silas was intoxicated. Silas was arrested for driving under the influence of intoxicants (DUI). Deputy Williams located the point of impact approximately 2½ feet in plaintiff Lee's lane of travel. On cross examination, Deputy Williams testified that no excessive speed was indicated.

3. The plaintiff, Timothy Lee, testified that he had been drinking beer and that he had left Patrick's, which was a neighborhood bar and was going home; that he could not recall seeing the other vehicle and that he was unable to recall the events preceding the impact. As a result of the accident, he was knocked unconscious and regained consciousness a day and one-half later in the hospital. He received a broken nose, broken finger, general contusions and abrasions.

4. Rodney Silas admitted that he had been at a party drinking beer and had brought one case of beer to the party consisting of 6 or 7 people; that the beer was consumed and that he was going back to the store to get another one-half case of beer when the wreck occurred. Silas admitted that he did not know exactly what happened but that he did not think that he was on the wrong side of the road. He pled guilty to driving under the influence of intoxicants (DUI) and the court so finds that he was intoxicated at the time of the accident.

5. However, the court finds that wherein plaintiff Lee was unable to remember

the events, there is no evidence that Silas' actions were "deliberate or intentional."

## II. CONCLUSIONS OF LAW

### A. *The Bankruptcy Act of 1898*

Section 17(a)(8) of the Bankruptcy Act of 1898 excepted from discharge any debt resulting from a willful and malicious injury as follows:

(8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision.

In the leading case of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), the Supreme Court, in construing the "willful and malicious" language of § 17(a)(8) created a "reckless disregard" standard which excepted from discharge injuries resulting from the conscious and reckless disregard of the rights of others even where there was no deliberate intent to injure. Many courts utilizing the reckless disregard standard of *Tinker v. Colwell, supra,* held that "willful and malicious" under § 17(a)(8) encompassed debts resulting from injuries caused by the defendant-debtor's drunken driving and that such debts were nondischargeable in bankruptcy. *Den Haerynck v. Thompson,* 228 F.2d 72 (10th Cir.1955); *Harrison v. Donnelly,* 153 F.2d 588 (8th Cir.1946); *In re Irwin,* 2 BCD 783 (N.D.Iowa 1976). However, there was a minority line of cases that rejected this reckless disregard standard in motor vehicle cases. See NORTON *Bankruptcy Law and Practice* § 27.28 n. 11 (1981); Annot. 13 A.L.R.2d 168 (1950) (Later Case Service 1973).

### B. *The Bankruptcy Code of 1978*

11 U.S.C.A. § 523(a) provides:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt... (6) for willful and malicious injury by the debtor to another entity or the property of another entity.

In enacting § 523(a)(6) of the Bankruptcy Code of 1978, Congress used the same "willful and malicious" language as appeared in § 17(a)(8) of the 1898 Act. Yet, the House Report to § 523(a)(6) contains the following statement:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell, supra,* held that a lesser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), reprinted in U.S.Code Cong. & Ad. News [1978] 5787, 6320.

Also, the Senate Report to § 523(a)(6) contains the following statement:

Paragraph (5) provides that debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable. Under this paragraph "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a less strict standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

S.Rep. No. 989, 95th Cong., 1st Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5865.

The final bill, representing a compromise between the House and Senate, included the exact wording of the House version. 124 Cong.Rec. H11059 (daily ed. Sept. 28, 1978).

The statements of the sponsors in the House [124 Cong.Rec. H11096 daily ed. Sept. 28, 1978] and the Senate [124 Cong. Rec. S17412 (daily ed. Oct. 6, 1978) ] were identical and referred only to the selection of the House version of the bill. *In re Bryson,* 3 B.R. 593, 596, 6 BCD 199, 1 CBC 2d 1038 (Bkrtcy.N.D.Ill.1980). These House and Senate Reports evidence a rejection of the "reckless disregard" standard enunciated in *Tinker v. Colwell, supra,* "and

the many cases holding various degrees of recklessness to constitute willfulness and maliciousness will no longer be controlling in construing section 523(a)(6) of the Code." 3 Collier on Bankruptcy ¶ 523.16 at 523–119 (15th ed. 1982).

There are, however, several cases that have refused to follow the 1978 Code legislative history contained in these Congressional Reports and have continued to apply the "reckless disregard" standard of *Tinker v. Colwell, supra,* in determining dischargeability under § 523(a)(6).[1] Nevertheless, the present weight of authority interpreting § 523(a)(6) concludes that injuries resulting from drunken driving are dischargeable absent proof of intentional or deliberate conduct on the part of the debtor.[2] *In re Morgan,* 22 B.R. 38 (Bkrtcy.D.Neb.1982); *In re Brown,* 18 B.R. 591 (Bkrtcy.N.D.Ala. 1982); *In re Bryson, supra; In re Naser,* 7 B.R. 116, 3 CBC 2d 211 (Bkrtcy.W.D.Wis. 1980); *In re Rambo,* 5 BCD 800 (Bkrtcy.M. D.Tenn.1979).

In a factually similar case, the Bankruptcy Court for the Northern District of Illinois, Eastern Division, considered the dischargeability of a judgment debt arising from injuries received when the debtor, while intoxicated, crashed into the plaintiff's car. The court determined:

1. *In re Askew,* 22 B.R. 641 (Bkrtcy.M.D.Ga. 1982); *In re Rines,* 18 B.R. 666, 8 BCD 1205 (Bkrtcy.M.D:Ga.1982); *In re Auvenshine,* 9 B.R. 772, 7 BCD 511, 3 CBC 2d 946 (Bkrtcy.W. D.Mich.1981). These cases hold that a few sentences appearing in the legislative history are insufficient to overrule *Tinker v. Colwell* and its progeny particularly where substantially identical language appears in § 17(a)(8) of the 1898 Act and § 523(a)(6) of the Code. Additionally, various problems of statutory construction arise when a judicially interpreted phrase ("willful and malicious") is re-enacted using identical language. See 73 Am.Jur. *Statutes* §§ 150–151, 322–324 (1974); NORTON *Bankruptcy Law and Practice* § 27.28 n. 7 (1981).

2. Senator John C. Danforth (Missouri) has introduced a bill (S2159) to correct the majority rule by amending § 523 of the Code to except from discharge liabilities arising from drunken driving.

   I was amazed to learn that, although the Federal bankruptcy statute does not allow discharge of debts arising from willful and

Here the defendant showed reckless disregard. He was drunk when he ran into the plaintiff. But there is no evidence that the defendant intended to injure anyone. His conduct cannot be described as "willful and malicious" under § 523(a)(6). The court concludes that Bryson's debt to the Williamses is dischargeable.

*In re Bryson, supra,* at 596.

## III. APPLICATION OF LAW TO FACTS

After having heard testimony and arguments of counsel, this court is of the considered opinion that the plaintiff has failed to carry its burden (pursuant to Bankruptcy Rule 407) in showing that the defendant-debtor intentionally or deliberately injured anyone,[3] so that such debt is due to be discharged.

This opinion is the findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure. A separate judgment will be entered in accordance with this opinion.

malicious acts, some Federal judges have said that drunk driving is not, in itself, "willful and malicious."

The proposed amendment provides:

   (e) Any injury resulting in a judgment based upon liability of the debtor where, in connection with such liability such debtor was found to have operated a motor vehicle while legally intoxicated shall be deemed to be a willful and malicious injury for purposes of subsection (a)(6) of this section.

128 Cong.Rec. S1397 (daily ed. March 2, 1982). Although this court is philosophically aligned with such an amendment, it is unfortunately not the present state of the law and it is not the province of this court to legislate but to interpret the intent of Congress as unequivocally enunciated by the legislative history of both the House and Senate.

3. The court also notes that the plaintiff would have failed to carry its burden even under the relaxed "reckless disregard" standard.