In re Steven A. DAVIS, Roberta C. Davis, Debtors.

MARWELL TRUCKING, INC., Plaintiff,

v.

Steven A. DAVIS, Defendant.

Bankruptcy No. 8200710.
AP No. 820418.

United States Bankruptcy Court, D. Rhode Island.

Jan. 25, 1983.

John B. Reilly, Warwick, R.I., for plaintiff.

Joseph P. Carroll, Macktaz, Keefer & Kirby, Woonsocket, R.I., for defendant.

## DECISION DETERMINING DEBT TO BE DISCHARGED

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on December 17, 1982 on the Plaintiff's complaint to determine the dischargeability of a debt.[1] The Plaintiff, Marwell Trucking, Inc., alleges that the debtor,[2] Steven A. Davis, caused willful and malicious damage to the property of the Plaintiff, and that pursuant to 11 U.S.C. § 523(a)(6) the obligation to pay for said damage should be nondischargeable.

On August 25, 1982 the debtor filed a Chapter 7 petition, and scheduled a debt of $3,736.93 to "Peerless Insurance Co. as subrogee of Marwell Trucking Co." for "[p]roperty damage caused by operation of motor vehicle." It is this debt which Marwell asserts is nondischargeable, alleging that the debtor's actions constituted "willful and malicious injury" pursuant to 11 U.S.C. § 523(a)(6).[3]

At the hearing to determine dischargeability, the debtor testified that after an argument with his wife on the morning of August 8, 1980 he drove to a liquor store, purchased a six-pack of 12-ounce bottles of beer, and drank them between 1:00 p.m. and 4:30 p.m. while sitting in his parked automobile. At approximately 4:30 p.m. Davis began driving around, "cruising", as he puts it, and at about 5:00 p.m. the accident occurred. The debtor stated (in testimony that is uncontradicted) that he was driving at about 30 miles per hour at the time of the collision; that as he approached a car parked on the right-hand side of the road he crossed the double yellow center line in order to move around the parked car; that at about the same time the driver of the Marwell truck, traveling in the opposite direction, also moved over to the double yellow line as he prepared to turn right; and that the left front fender of the debtor's automobile struck the left front fender of the Plaintiff's truck.

The police officer who investigated the accident filed a report, admitted into evidence by agreement, stating that "Davis appeared to be under the infulance [sic] of liquor, his speech was slurred and he was constantly swaying." (Plaintiff's Exhibit A.) The debtor failed a breathalyzer test and subsequently pleaded guilty to operating a motor vehicle while under the influence of alcohol.

The debtor's conduct was negligent to some degree, and it is quite possible that had he not spent all afternoon drinking, the collision would not have occurred. The intent of Congress, as evidenced in the legislative history of § 523(a)(6), however, is explicit to the effect that even reckless disregard does not constitute "willful and malicious" conduct under the Bankruptcy Code:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. 473 [193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754] (1902) [1920], held that a looser standard is intended, and to the extent that

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Steven A. Davis and Roberta C. Davis filed a joint Chapter 7 petition. Because the Plaintiff is proceeding against Steven A. Davis, all references to the debtor are to Steven A. Davis only.

3. 11 U.S.C. § 523(a)(6) provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320.

Recent cases involving the dischargeability of debts resulting from collisions involving intoxicated drivers have been guided by the congressional mandate requiring "deliberate or intentional" actions by drivers. In *Heritage Mutual Insurance Co. v. Naser (In re Naser)*, 7 B.R. 116 (Bkrtcy.W.D.Wis. 1980), the intoxicated debtor failed to observe a stop sign and pleaded guilty to three counts of homicide by an intoxicated user of a vehicle. Nevertheless, the court found that in the absence of evidence of actual intent to injure, the debtor's conduct could not be considered "willful and malicious" under § 523(a)(6). Similarly, in *Williams v. Bryson (In re Bryson)*, 3 B.R. 593, 6 B.C.D. 199 (Bkrtcy.N.D.Ill.1980), the debtor pleaded guilty to driving while intoxicated (and other charges), and was unable to stand up or to talk without stuttering after an automobile accident. The court concluded that although the debtor "showed reckless disregard," there was "no evidence that [the debtor] intended to injure anyone," 3 B.R. at 596, 6 B.C.D. at 201, and his debt was found to be dischargeable. *See also Alexander v. Donnelly (In re Donnelly)*, 6 B.R. 19, 6 B.C.D. 1081 (Bkrtcy.D.Or.1980) (even gross negligence in operating a motor vehicle does not *per se* constitute willful and malicious conduct).

 In the case at bar the accident apparently resulted from an error in driving judgment by the debtor. It is in no way inconsistent with this Court's strong disapproval of driving under the influence of liquor, to suggest that this accident might well have occurred even if the debtor had not been intoxicated. Mr. Davis was traveling at a moderate rate of speed, and as he moved toward the center of the road to pass a parked car, the approaching truck also moved toward the center preparatory to making a right turn. It is the type of accident which occurs frequently, when neither driver is intoxicated.

The record is devoid of evidence that the debtor intended to cause any damage to anyone's property, and neither is there evidence to support a finding that his conduct was so egregious as to constitute constructive "willful and malicious injury." Accordingly, based on the law as this court is bound to apply it, the debt in question is dischargeable pursuant to 11 U.S.C. § 523(a)(6).