**In re Gerard J.F. CLOUTIER, Debtor.**

**Lori BURNS, Plaintiff,**

v.

**Gerard J.F. CLOUTIER, Defendant.**

**Bankruptcy No. 282–00433.**
**Adv. No. 282–0370.**

United States Bankruptcy Court,
D. Maine.

Aug. 24, 1983.

Peter C. Fessenden, Brunswick, Me., for plaintiff.

Robert G. Frazier, Portland, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The plaintiff, Lori Burns, requests the court to find that a debt owed to her by the debtor, Gerard Cloutier, is nondischargeable under section 523(a)(6) of the Bankruptcy Code. 11 U.S.C.A. § 523(a)(6) (1979). The debtor argues that the plaintiff has failed to establish a "willful and malicious injury" as required by section 523(a)(6). The court concludes that the debt is nondischargeable.

The debtor's testimony established the following sequence of events. On June 11, 1982, the debtor finished work at the Bath Iron Works in Bath, Maine, at 4:00 p.m. He cashed his paycheck and went to a local bar. After drinking six beers, the debtor and a friend drove in the debtor's car to the friend's house, arriving at 6:45 p.m. On the way, they shared two bottles of wine. The debtor drank seven to eight more cans of beer while visiting his friend and six more on the way from his friend's house to a bar in Brunswick, Maine. He arrived at the Brunswick bar at 9:30 p.m. and consumed a "few" beers and an unknown quantity of mixed drinks between that time and closing at 1:30 p.m.

When the bar closed, the debtor went out into the parking lot and eventually got into his car to drive home. He started to drive and almost immediately ran into the plaintiff's car, which he did not see, causing no damage. The parties disagree on what happened next. The debtor testified that he got into an argument with a passenger from the plaintiff's car and that the passenger reached into the car to grab the debtor. The debtor ducked down on the seat and stepped on the accelerator. When he looked up, he realized that he was about to hit a crowd of people. He turned away to avoid the people and hit the plaintiff's car for the second time, doing considerable damage. The debtor drove out of the parking lot without stopping. He was subsequently arrested and charged with criminal OUI to which he pleaded guilty. His blood alcohol content was 0.25%, two and one-half times the level needed for conviction.

The court finds that the plaintiff sustained $1,500 in damages to her car. The plaintiff requests the court to find that her damages are nondischargeable under section 523(a)(6). Section 523(a)(6) provides: "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity." The phrase "willful and malicious injury" is not defined by the Bankruptcy Code.

Courts are in disagreement over the standard imposed by the phrase "willful and malicious." Some courts require the plaintiff to show that the debtor acted intentionally while others have held that a showing of reckless disregard is enough. *Compare Lee v. Silas (In re Silas),* 24 B.R. 771 (Bkrtcy.N.D.Ala.1982); *In re Maney,* 23 B.R. 61 (Bkrtcy.W.D.Okl.1982); *and Williams v. Bryson (In re Bryson),* 3 B.R. 593 (Bkrtcy.N.D.Ill.1980); *with Rines v. Harris (In re Rines),* 18 B.R. 666 (Bkrtcy.N.D.Ga. 1982); *Credithrift of America v. Auvenshine (In re Auvenshine),* 9 B.R. 772 (Bkrtcy. W.D.Mich.1981); *and Borg-Warner Acceptance Corp. v. Simmons (In re Simmons),* 9 B.R. 62 (Bkrtcy.S.D.Fla.1981). It is not necessary for this court to take sides in the controversy in this case because the debtor's conduct was clearly intentional.

As the court stated in *Castiglia v. Morgan (In re Morgan),* "[d]efining 'willful and malicious' is difficult and probably unproductive." 22 B.R. 38, 39 (Bkrtcy.D.Neb.1982). Congress, itself, has avoided giving the term a precise definition. *Alabama Farm Bureau Mutual Casualty Insurance Co. v. Brown (In re Brown),* 18 B.R. 591, 592 (Bkrtcy.N.D.Ala.1982). When deciding what constitutes willful and malicious conduct a court must take into consideration the unique facts of the case before it: no two cases present identical facts. *Id.; Heritage Mutual Insurance Co. v. Naser (In re Naser),* 7 B.R. 116, 118 (Bkrtcy.W.D.Wis. 1980).

In certain proceedings, involving particularly egregious behavior on the part

of the debtor, a court may find willful and malicious or intentional conduct when the likelihood of the conduct "causing harm is so great that the [debtor] will not be heard to say that he did not intend to cause the resultant harm." *Alexander v. Donnelly (In re Donnelly),* 6 B.R. 19, 22 (Bkrtcy.D.Or. 1980). The evidence must show behaviour on the part of the debtor "which would with substantial certainty produce injury." *Id.*

■ When applying this standard to cases involving injuries occurring due to drunken driving, it is clear that "drunk driving is not per se willful and malicious conduct." *In re Brown,* 18 B.R. at 593 (citations omitted). But willful and malicious behavior is present when the circumstances show that an intoxicated debtor's driving is "of such a gross nature as to imply malice." *Id.* The United States District Court explained the application of the willful and malicious standard to drunken driving in *Long v. Greenwell (In re Greenwell):*

> An intentional act is required. It is not, however, necessary to find that personal ill will existed in order for there to be a finding of willful and malicious injury. In the case before us now, we hold that the voluntary drinking by defendant constituted an intentional act sufficient to support the conclusion that the injury caused by defendant was willful and malicious.... Defendant's intentional drinking unleashed the unbroken causative chain which led to the injury to plaintiff's vehicle. It will not avail defendant in his effort to avoid this result to argue that he did not know plaintiff prior to the accident and therefore the injury could not have been intentionally caused. One is responsible under the law for the natural outcome of his actions.

21 B.R. 419, 420 (D.S.D.Ohio 1982) (quoting lower court opinion) (citations omitted).

■ In this proceeding, the debtor's intentional drinking clearly "unleashed the unbroken causitive chain which led to the injury to plaintiff's vehicle." *Id.* The

debtor's own testimony establishes this unbroken causative chain. Given the amount of alcohol that the debtor admittedly consumed, which the plaintiff in her brief appropriately characterizes as "an imbibing effort worthy of mention by Guiness," there was a substantial certainty that the debtor would cause injury to person or property. Although injury to plaintiff's vehicle was not absolutely certain to occur, the likelihood that some harm would occur was so great that the debtor cannot now claim that he did not intend to cause some injury. Therefore, the plaintiff's debt is nondischargeable.[1]

An appropriate order will be entered.

---

1. In her complaint, plaintiff also sought $5,000 for "mental anguish and suffering." No evidence was presented on this claim nor was it pressed by the plaintiff in her brief.