768 F.2d 1155
 85 A.L.R.Fed. 635, 13 Collier Bankr.Cas.2d 520,
13 Bankr.Ct.Dec. 552, Bankr. L. Rep. P 70,648
 In re Rafael Amaro COMPOS a/k/a Rafael Amaro Campos and
Mayme Amaro Compos a/k/a Mayme Amaro Campos, Debtors.
FARMERS INSURANCE GROUP and Vicki Herrera and Joseph
Herrera, Jr., Appellants,
v.
Rafael Amaro COMPOS a/k/a Rafael Amaro Campos and Mayme
Amaro Compos a/k/a Mayme Amaro Campos, Appellees.
 No. 83-1872.
 United States Court of Appeals,
Tenth Circuit.
 July 18, 1985.
 
 Richard M. Crane, Denver, Colo. (Steven Crane, Denver, Colo., on brief), for appellants.
 Herman Rothstein, Commerce City, Colo., for appellees.
 Before HOLLOWAY, Chief Judge, and LOGAN and TIMBERS*, Circuit Judges.
 TIMBERS, Circuit Judge.
 
 
 1
 Farmers Insurance Group, Vicki Herrera, and Joseph Herrera, Jr. (appellants) commenced this action pursuant to the Bankruptcy Reform Act of 1978 (the "Code"), 11 U.S.C. Sec. 523 (1982), objecting to the discharge of the debt owed them by Rafael Amaro Compos (appellee). Appellants appeal from the judgment entered May 27, 1983 by the United States District Court for the District of Colorado, Patricia Ann Clark, Bankruptcy Judge, ordering that a discharge in favor of appellee be entered.
 
 
 2
 On appeal, appellants contend that the court erred in ordering that a discharge be entered since Sec. 523(a)(6) of the Code provides that debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. For the reasons stated below, we affirm.
 
 I.
 
 3
 We shall summarize only those facts believed necessary to an understanding of our ruling on the sole issue raised on appeal.
 
 
 4
 On March 21, 1980, Mr. Compos left his place of employment at the Coors plant in Boulder, Colorado, around 2:45 p.m. He drove his supervisor to the supervisor's home near Federal Boulevard and 51st Street in Denver. There he consumed several beers. Around 4:45 p.m., he left and drove south on Federal Boulevard, pulling into the left turn lane at Speer Boulevard. The Herreras (wife, husband, and daughter) were driving north on Federal Boulevard at the time. Mr. Compos testified that when he entered the intersection the left turn arrow was green, but that it turned amber shortly before he collided with the Herreras. Mr. Herrera testified that he also had a green light, and that Mr. Compos slowed down as he approached the intersection, then increased his speed, and collided with Mr. Herrera's automobile. The accident occurred about 6:00 p.m. All parties were taken to a hospital.
 
 
 5
 As a result of the accident, Vicki Herrera sustained personal injuries and the Herrera automobile was damaged.
 
 
 6
 The investigating officer testified that Mr. Compos appeared intoxicated at the time of the accident. After Mr. Compos left the hospital, the officer administered a blood alcohol test to him which indicated that his blood alcohol content was .112 percent around 8:00 p.m. An expert witness testified that persons with this blood alcohol content are not capable of operating a motor vehicle safely since alcohol slows response time, and that they are roughly thirty to forty times more likely to have an accident than if they had not been drinking.
 
 
 7
 The bankruptcy court ordered a bifurcated trial, the first issue to be determined being the dischargeability of any indebtedness by Mr. Compos to the Herreras arising from the accident. The court found that Mr. Compos was driving while under the influence of alcohol. It held that his conduct constituted reckless disregard of the rights of others, but that appellants had failed to prove that Mr. Compos acted with the specific intent to injure that is required under Sec. 523(a)(6) of the Code in order to except a debt from discharge.
 
 II.
 
 8
 The sole issue before us is whether appellants' claim should be declared nondischargeable within the meaning of Sec. 523(a)(6). Appellants contend (1) that the standard for dischargeability of debts under Sec. 523(a)(6) is the "reckless disregard" standard applied by many courts under Sec. 17(a)(8) of the Bankruptcy Act of 1898 (the "Act"), and (2) that, even if Sec. 523(a)(6) requires proof of intentional conduct, to make appellee's debt nondischargeable, appellants need prove only that appellee intentionally drove his vehicle while under the influence of alcohol, and not that he intended to injure a person or property.
 
 A.
 
 9
 Section 523(a)(6) excepts from discharge, in language almost identical to that of Sec. 17(a)(8) of the Act, debts incurred for "willful and malicious injury" to the person or property of another. Section 17(a)(8) has been interpreted by many courts to include injuries arising from a willful disregard of the known rights of others. Other courts have required proof of an intent to injure in order to hold a debt nondischargeable. In re Callaway, 41 B.R. 341, 343 (Bankr.E.D.Pa.1984); In re Morgan, 22 B.R. 38, 39 (Bankr.D.Neb.1982); In re Bryson, 3 B.R. 593, 596 (Bankr.N.D.Ill.1980). This inconsistency has arisen from the varying interpretations placed upon the language and holding of Tinker v. Colwell, 193 U.S. 473 (1904). While the Supreme Court in Tinker purported to address only the "malicious" component of Sec. 17(a)(8), stating that the tort of criminal conversation was "willful, of course", id. at 485, the opinion contains a passage that has been widely relied upon in holding that "willful and malicious" under Sec. 17(a)(8) includes a "reckless disregard" standard:
 
 
 10
 "[W]e think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception." Id. at 487.
 
 
 11
 Since courts have not interpreted Sec. 17(a)(8) of the Act consistently, it is appropriate to consider the legislative history of Sec. 523(a)(6) of the Code to determine how Congress intended "willful and malicious" as used in that provision to be interpreted. The legislative history makes clear that the "reckless disregard" standard applied by some courts under Sec. 17(a)(8) no longer applies under Sec. 523(a)(6), and that proof of a "deliberate or intentional" injury is required to except a debt from discharge:
 
 
 12
 "Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that Tinker v. Colwell, 193 U.S. 473 (190, held that a looser standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled."
 
 
 13
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 362-65 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6320-21. The Senate report, S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5965, is the same as the House report except that it refers to willful and malicious conversions as well as injuries.
 
 
 14
 "In the legislative history accompanying the Bankruptcy Act of 1978, Congress made it unmistakable that only deliberate or intentional acts should be considered 'willful,' and that mere reckless disregard did not qualify."
 
 
 15
 In re Kasler, 611 F.2d 308, 310 n. 7 (9th Cir.1979); see 3 Collier on Bankruptcy p 523-16, at 523-132 to -133 (15th ed. 1979).
 
 
 16
 Bankruptcy courts generally have followed the Congressional intent evidenced by the legislative history. E.g., In re Cecchini, 37 B.R. 671, 674-75 (Bankr. 9th Cir.1984); In re Poore, 37 B.R. 246 (Bankr.D.N.M.1982); In re Kuepper, 36 B.R. 680 (Bankr.E.D.Wis.1983); In re Hoppa, 31 B.R. 753 (Bankr.E.D.Wis.1983); In re Davis, 26 B.R. 580 (Bankr.D.R.I.1983); In re Silas, 24 B.R. 771 (Bankr.N.D.Ala.1982); In re Maney, 23 B.R. 61 (Bankr.W.D.Okla.1982); In re Morgan, 22 B.R. 38 (Bankr.D.Neb.1982); In re Bratcher, 20 B.R. 547 (Bankr.W.D.Okla.1982); In re Bryson, 3 B.R. 593 (Bankr.N.D.Ill.1980). Nevertheless, some courts have held that the legislative history is insufficient authority to change the meaning of "willful and malicious", and have continued to apply the "reckless disregard" standard. E.g., In re Askew, 22 B.R. 641, 643 (Bankr.M.D.Ga.1982); In re Rines, 18 B.R. 666 (Bankr.M.D.Ga.1982); In re Auvenshine, 9 B.R. 772, 775 (Bankr.W.D.Mich.1981).
 
 
 17
 We hold that the legislative history of Sec. 523(a)(6) of the Code expressly establishes Congress's intent to render obsolete Tinker and its progeny and to make the "reckless disregard" standard applied by some courts under the Act inapplicable under Sec. 523(a)(6) of the Code. In short, it was the express intent of Congress to define "willful" for purposes of Sec. 523(a)(6) to mean "deliberate or intentional".
 
 B.
 
 18
 Appellants contend that, even if "willful" as used in Sec. 523(a)(6) means "intentional", appellee's intentional drinking was an intentional act sufficient to establish a "willful and malicious injury". We believe that appellants misread the statute. Section 523(a)(6) makes debts "for willful and malicious injury" nondischargeable. "Willful" modifies "injury". Section 523(a)(6) does not except from discharge intentional acts which cause injury; it requires instead an intentional or deliberate injury. In re Cecchini, supra, 37 B.R. at 674-75.
 
 
 19
 We recognize, however, that there is a line of cases which support appellants' contention. In re Callaway, 41 B.R. 341, 344-46 (Bankr.E.D.Pa.1984); In re Carey, 35 B.R. 894, 897-98 (Bankr.E.D.Tenn.1983); In re Cloutier, 33 B.R. 18, 20 (Bankr.D.Me.1983); In re Wooten, 30 B.R. 357, 359 (Bankr.N.D.Ala.1983); In re Greenwell, 21 B.R. 419, 421 (S.D.Ohio 1982). It is noteworthy that, in support of their interpretation of Sec. 523(a)(6), the courts in Callaway, Carey, and Wooten quote the remarks of Senator DeConcini on the Senate floor in support of his proposed amendment to change the existing law to deny bankruptcy discharges to debtors who have incurred liabilities for injury and damage to persons and property resulting from driving while intoxicated:
 
 
 20
 "... I have an amendment that would change the standard and would not permit discharge in bankruptcy of obligations arising from the infliction of willful, wanton, or reckless injury.
 
 
 21
 Today there exists in the bankruptcy statute an unconscionable loophole which makes it possible for drunk drivers or others who have acted with willful, wanton, or reckless conduct and who have injured, killed, or caused property damage to others to escape civil liability for their actions by having their judgment debt discharged in Federal bankruptcy court. This loophole affords opportunity for scandalous abuse...."
 
 
 22
 In re Wooten, supra, 30 B.R. at 359, quoting 129 Cong.Rec. S 5326 (daily ed. Apr. 27, 1983) (statement of Sen. DeConcini); In re Callaway, supra, 41 B.R. at 345; In re Carey, supra, 35 B.R. at 898.
 
 
 23
 Other courts have recognized that it is for Congress, not the courts, to amend the Code to make drunk driving debts nondischargeable.[1] Such courts have eschewed the temptation to yield to the personal preferences of their members for a different law. They have adhered to the Congressional mandate, holding that under Sec. 523(a)(6) drunk driving is not per se "willful and malicious" and that Sec. 523(a)(6) requires proof of an intent to injure before such debts will be held nondischargeable. In re Kuepper, supra, 36 B.R. at 682-83; In re Hoppa, supra, 31 B.R. at 755; In re Davis, supra, 26 B.R. at 582; In re Silas, supra, 24 B.R. at 773 & n. 2; In re Maney, supra, 23 B.R. at 62; In re Morgan, supra, 22 B.R. at 39-40; In re Bratcher, supra, 20 B.R. at 549; In re Brown, 18 B.R. 591, 593 (Bankr.N.D.Ala.1982); In re Bryson, supra, 3 B.R. at 596.
 
 
 24
 We hold that Sec. 523(a)(6) requires proof of an intent to injure before a debt can be held to be nondischargeable under that provision of the Code.[2]
 
 III.
 
 25
 To summarize: The bankruptcy court did not err in ordering that appellee's debt to appellants be discharged since appellants proved only that appellee's conduct constituted reckless disregard of their rights, and not that appellee intended to injure another person or the property of another.
 
 
 26
 Affirmed.
 
 
 
 *
 Of the Second Circuit, by designation
 
 
 [1]
 On July 10, 1984, Congress amended Sec. 523 as follows:
 "(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt--
 ...;
 (9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred...."
 Code, 11 U.S.C.A. Sec. 523(a)(9) (West Supp.1985) (effective with respect to cases filed ninety days after July 10, 1984).
 
 
 [2]
 Subsequent to oral argument, the case of In re Adams, 761 F.2d 1422 (9th Cir.1985), was brought to our attention. We have carefully reviewed the opinion, but do not agree with its interpretation of Sec. 523(a)(6) or its retroactive application of Sec. 523(a)(9)